IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK MANCUSO, on behalf of himself and all others similarly situated, | Civil Action No. _____ |
| Plaintiff, | Complaint – Class Action |
| -against- | Jury Trial Demanded |
| RFA BRANDS, LLC, d/b/a MYCHARGE, | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff Mark Mancuso ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned counsel, alleges, based on personal knowledge as to his own actions and upon information and belief and investigation of counsel as to those of others, as follows:

## NATURE OF THE CASE

1. In recent years consumers have become increasingly dependent on portable electronic devices like smart phones, tablets, and laptop computers ("PED"). PEDs have made it convenient for consumers to constantly stay in communication with colleagues, friends, and loved ones, and to immediately access information. However, like any electronic device, PEDs require power and their internal batteries must be periodically recharged.

2. To address the needs of consumers to use PEDs during travel, or when the consumer otherwise lacks access to an electrical outlet, the portable charger industry emerged. A portable charger, often called a power bank ("Power Bank"), is a small, portable power source

consumers can use to recharge their PEDs during travel.  The greater the capacity of the Power Bank, as is expressed in milliampere-hours ("mAh"), the more times the Power Bank can be used to recharge PEDs before the Power Bank must be recharged itself.  Thus, consumers prefer and are willing to pay a premium for Power Banks with higher mAh ratings.

3. RFA Brands, LLC, d/b/a myCharge. ("RFA Brands" or the "Company") manufactures, markets, and distributes for sale to consumers a number of Power Banks under the myCharge label (the "Products").  RFA Brands does so by prominently representing the Products' capacities as measured in mAh.  Unfortunately for consumers, testing has shown the Products' actual capacities are substantially lower than what RFA Brands represents.

4. By deceiving consumers about the Products' capacities as detailed herein, RFA Brands is able to sell more of, and charge more for, the Products than the Company could charge if the Products were labeled accurately.  Further, RFA Brands was also incentivized to mislead consumers to take away market share from competing products, thereby increasing its own sales and profits.

5. This is a proposed class action brought by Plaintiff, individually and on behalf of a class of similarly situated individuals, against RFA Brands, seeking redress for the Company's unjust, unfair, and deceptive practices in misrepresenting the capacity of the Products in violation of state law.

## JURISDICTION AND VENUE

6. This Court has original subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which the proposed plaintiff class is comprised of at least 100 members, any member of

the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.  The total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

7.  This Court has personal jurisdiction over the parties because Plaintiff purchased the Product in and lives in the State of New York.  Additionally, RFA Brands conducts substantial business in this State, has had systematic and continuous contacts with this State, and has agents and representatives that can be found in this State.

8.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because RFA Brands' contacts are sufficient to subject it to personal jurisdiction in this District and a substantial part of the events and omissions giving rise to the claims occurred in this District.  RFA Brands has marketed, advertised, and sold the Products in this District.  Furthermore, Plaintiff resides within this District and purchased the Product within this District.

## PARTIES

9.  Plaintiff Mark Mancuso is an individual consumer who, at all times material hereto, was a citizen and resident of Monroe County, New York.  Plaintiff purchased the Product in the State of New York.  Plaintiff read the Product's packaging and decided to buy the Product based on RFA Brands' representation that its capacity is 3000mAh.  Plaintiff did not discover or have any reason to believe that the Product did not have the capacity represented by Defendant until shortly before bringing this action.  Had Plaintiff known the truth, that the Product's mAh was really less, he would have not purchased it or would not have been willing to pay as much as he paid for the Product.

10.     Plaintiff frequently uses PEDs during travel and when he otherwise does not have access to an electrical outlet.  Plaintiff would consider purchasing the Product again if he could trust that RFA Brands' representations about its mAh rating were correct going forward, such as if the Product was redesigned to make RFA Brands' representations about it correct, and if the price fairly reflected the actual mAh capacity of the battery.  He also has a strong interest in ensuring honesty in the marketplace for Power Banks.

11.     Defendant RFA Brands, LLC, d/b/a myCharge is organized under the laws of the State of Delaware and has its principal place of business in Birmingham, Michigan.  RFA Brands owns, manufactures, markets and sells the Products throughout New York and the rest of the United States.

## **RFA BRANDS DECEPTIVELY MARKETS MYCHARGE POWER BANKS.**

12.     Millions of Americans depend on PEDs to conduct their daily lives.  PEDs have made it more convenient for consumers to constantly stay in communication with colleagues, friends, and loved ones, and to immediately access information.

13.     To address the needs of consumers to power their PEDs during travel, or when they otherwise lack access to an electrical outlet, an industry for Power Banks has emerged.  The sale of Power Banks now generates more than $15 billion in sales each year.

14.     The most important factor for consumers in choosing a Power Bank is its capacity, which is measured in milliampere-hours, or "mAh."  The higher the mAh, the greater the number of times a Power Bank can be used to recharge PEDs before the Power Bank itself must be recharged.  Consumers thus have a strong preference for, and pay more for, Power Banks with a higher mAh.  Accordingly, for most Power Banks, the mAh rating is featured prominently in the product's advertising.

15.     Defendant RFA Brands manufactures, markets, and sells nationwide to consumers a number of Power Banks under the myCharge label. Everywhere the Products are sold, at the point of sale and on the Products' packaging, RFA Brands prominently represents the Products' capacity as measured in mAh.

16.     Unfortunately, testing has shown that RFA Brands has substantially inflated the Products' mAh ratings. Plaintiff tested a myCharge Power Bank represented to have 3000mAh capacity (the same model Plaintiff purchased) using a skilled and experienced testing company. Those test results revealed that the capacity was actually only 1902mAh. Upon information and belief, RFA Brands knew, at the time the Company sold the Products to Plaintiff and the other Class members, that the Products' true capacity was substantially less than what RFA Brands had represented. RFA Brands intentionally misrepresented the Products' capacity to Plaintiff and the other Class members to induce them to purchase and pay a premium for the Products.

17.     RFA Brands has profited enormously from its false and misleading representations about the Products. The purpose of this action is to put an end to RFA Brands' deceptive marketing of the Products and to provide consumers with monetary and injunctive relief.

## CLASS ALLEGATIONS

18.     Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other similarly situated New York Citizens (the "New York Class"), defined as follows:

> All consumers who purchased the Products within the State of New York. Excluded from the New York Class is anyone who received a refund, as well as any of RFA Brands' officers, directors, or employees; officers, directors, or employees of any entity in which RFA Brands currently has or has had a controlling interest; and RFA Brands' legal representatives, heirs, successors, and assigns.

19. Additionally, Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and similarly situated individuals within certain States (the "Multi-State Class"), defined as follows:

> All consumers who purchased the Products in California, Florida, Illinois, Massachusetts, Michigan, New Jersey, New York, North Carolina, Ohio, and Washington. Excluded from the Multi-State Class are any of RFA Brands' officers, directors, or employees; officers, directors, or employees of any entity in which RFA Brands currently has or has had a controlling interest; and Defendant's legal representatives, heirs, successors, and assigns.

The New York Class and Multi-State Class are referred to collectively as the "Classes."

20. At this time, Plaintiff does not know the exact number of members of the Classes but the number is estimated to be in the thousands or more. The Classes are so numerous that joinder of all members is impracticable.

21. There are questions of law or fact common to the Classes that predominate over any questions affecting only individual members, including:

(a) whether RFA Brands misrepresented the Products' mAh ratings;

(b) whether RFA Brands' conduct was unfair and/or deceptive;

(c) whether RFA Brands has been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for RFA Brands to retain the benefits conferred upon it by Plaintiff and the Classes;

(d) whether RFA Brands' conduct constitutes a breach of express warranty;

(e) whether RFA Brands violated state consumer protection laws;

(f) whether Plaintiff and the Classes have sustained damages and, if so, the proper measure thereof;

  (g)  whether Plaintiff and the Classes are entitled to restitution, and if so, the proper measure thereof; and

  (h)  whether RFA Brands should be enjoined from continuing to sell the Products as currently labeled;

22. Plaintiff's claims are typical of those of the members of the Classes, because Plaintiff, like all members of the Classes, purchased, in a typical consumer setting, RFA Brands' Products bearing the claim that their capacity is greater than it really is, and Plaintiff sustained damages from RFA Brands' wrongful conduct.

23. Plaintiff will fairly and adequately protect the interests of the Classes and have retained counsel that is experienced in litigating complex class actions. Plaintiff has no interests which conflict with those of the Classes.

24. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

25. No member of the Classes has a substantial interest in individually controlling the prosecution of a separate action. The damages for each individual member of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by RFA Brands' conduct. Thus, it would be virtually impossible for them individually to effectively redress the wrongs done to them.

26. The prerequisites to maintaining a class action for injunctive or equitable relief are met as RFA Brands has acted or refused to act on grounds generally applicable to the Classes thereby making appropriate final injunctive or equitable relief with respect to the Classes.

27. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for RFA Brands.

For example, one court might enjoin RFA Brands from performing the challenged acts, whereas another might not. Additionally, individual actions could be dispositive of the interests of members of the Classes who are not parties to such actions.

28. RFA Brands' conduct is generally applicable to the Classes as a whole and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Classes as a whole. As such, RFA Brands' systematic policies and practices make declaratory relief with respect to the Classes as a whole appropriate.

## CLAIMS FOR RELIEF

### COUNT I
### (Violation of New York General Business Law § 349, on Behalf of Plaintiff and the New York Class)

29. Plaintiff incorporates by reference and realleges herein all paragraphs alleged above.

30. RFA Brands engaged in false and misleading marketing concerning the Products.

31. As fully alleged above, by advertising, marketing, distributing, and/or selling the Products to Plaintiff and other members of the New York Class, RFA Brands engaged in and continues to engage in deceptive acts and practices.

32. Plaintiff and the other members of the New York Class seek to enjoin such unlawful deceptive acts and practices as described above. Each of the New York Class members will be irreparably harmed unless the unlawful actions of RFA Brands are enjoined, in that RFA Brands will continue to falsely and misleadingly advertise the capacity of the Products. Towards that end, Plaintiff and the New York Class request an order granting them injunctive relief in the form of an order prohibiting RFA Brands from representing that the Products' capacity is greater than it really is.

33. In this regard, RFA Brands has violated, and continues to violate, New York GBL § 349, which makes deceptive acts and practices unlawful. As a direct and proximate result of RFA Brands' violation of GBL § 349 as described above, Plaintiff and the other members of the New York Class have suffered damages based on the price premium Defendant can and does charge as a result of its misrepresentations and deceptive conduct in an amount to be determined at trial.

34. Wherefore Plaintiff, on behalf of the New York Class, prays for relief as set forth herein.

### COUNT II
### (Violation of New York General Business Law § 350, on Behalf of Plaintiff and the New York Class)

35. Plaintiff incorporates by reference and realleges herein all paragraphs alleged above.

36. RFA Brands engaged in false advertising concerning the Products and was able to obtain higher purchase prices for the Products based on false advertising.

37. As fully alleged above, by advertising, marketing, distributing, and/or selling the Products to Plaintiff and other members of the New York Class, RFA Brands engaged in and continues to engage in false advertising.

38. Plaintiff and the other members of the New York Class seek to enjoin such unlawful false advertising as described above. Each of the New York Class members will be irreparably harmed unless the unlawful actions of RFA Brands are enjoined, in that RFA Brands will continue to falsely and misleadingly advertise the capacity of the Products. Towards that end, Plaintiff and the New York Class request an order granting them injunctive relief in the form of an order prohibiting RFA Brands from misrepresenting the Products' capacity.

39. In this regard, RFA Brands has violated, and continues to violate, GBL § 350, which makes false advertising unlawful. As a direct and proximate result of RFA Brands' violation of GBL § 350 as described above, Plaintiff and the other members of the New York Class have suffered damages based on the price premium RFA Brands can and does charge as a result of its misrepresentations and deceptive conduct in an amount to be determined at trial.

40. Wherefore Plaintiff, on behalf of the New York Class, prays for relief as set forth herein.

### COUNT III
### (Violation of Materially Identical State Consumer Protection Statutes, on Behalf of the Multi-State Class)

41. Plaintiff incorporates by reference and realleges herein all paragraphs alleged above.

42. RFA Brands is engaged in "trade" and "commerce" as it distributes the Products to retail stores for sale to consumers within this and each of the states listed below.

43. RFA Brands' representations regarding the capacity of the Products were material to a reasonable consumer and likely to affect consumer decisions and conduct.

44. RFA Brands has used and employed unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce.

45. RFA Brands' acts and practices are immoral, unethical, oppressive and unscrupulous.

46. RFA Brands' conduct is substantially injurious to consumers. Such conduct has, and continues to cause, substantial injury to consumers because consumers would not have paid such a high price for the Products but for RFA Brands' false promotion of the Product's electrical storage capacity. Consumers have thus overpaid for the Products and such injury is not outweighed by any countervailing benefits to consumers or competition.

47. No benefit to consumers or competition results from RFA Brands's conduct. Since reasonable consumers are deceived by RFA Brands' representations of the Products and they were injured as a result, consumers could not have reasonably avoided such injury.

48. The foregoing unfair and deceptive practices directly, foreseeably and proximately caused Plaintiff and the Multi-State Class to suffer an ascertainable loss when they paid a premium for the Products.

49. The practices discussed above all constitute unfair competition or unfair, unconscionable, deceptive, or unlawful acts or business practices in violation of at least the following state consumer protection statutes:[1]

    (a) **California Consumer Legal Remedies Act,** Cal. Civ. Code § 1750, *et seq.*,

    (b) **California Unfair Competition Law,** Cal. Bus. & Prof. Code § 17200, *et seq.*;

    (c) **Florida Deceptive and Unfair Trade Practices Act,** Fla. Stat. § 501.201, *et seq.*;

    (d) **Illinois Consumer Fraud and Deceptive Business Practices Act**, 815 Ill. Comp. Stat. § 505/1, *et seq.*;

    (e) **Massachusetts Regulation of Business Practices for Consumers' Protection Act**, Mass. Gen. Laws Ann. ch. 93A, § 1 *et seq.*;

    (f) **Michigan Consumer Protection Act,** Mich. Comp. Laws § 445.901 *et seq.*;

    (g) **New Jersey Consumer Fraud Act**, N.J. Stat. Ann. § 56:8-1, *et seq.*;

---

[1] There is no material conflict between these state statutes because these state statutes (1) do not require reliance by unnamed class members; (2) do not require scienter; and (3) allow class actions.

(h) **New York Deceptive Acts and Practices Act**, N.Y. Gen. Bus. Law § 349, *et seq.*;

(i) **North Carolina Unfair and Deceptive Trade Practices Act,** N.C. Gen. Stat. § 75-1.1(a).

(j) **Ohio's Consumers Sales Practice Act,** Ohio Revised Code § 1345, *et seq*.

(k) **Washington Consumer Protection Act**, Wash. Rev. Code § 19.86.010, *et seq.*;

50.  The foregoing unfair and deceptive practices directly, foreseeably and proximately caused Plaintiff and the Multi-State Class to suffer an ascertainable loss when they paid a premium for the Products over comparable products.

51.  Plaintiff and the Multi-State Class are entitled to recover damages and other appropriate relief, as alleged below.

## COUNT IV
**(Breach of Express Warranty on Behalf of Plaintiff and the Classes)**

52.  Plaintiff incorporates by reference and realleges herein all paragraphs alleged above.

53.  RFA Brands' representations regarding the Products' capacity constitute affirmations of fact.

54.  RFA Brands' representations that the Products' capacity is greater than it really is relates to the goods and became part of the basis of the bargain between RFA Brands and purchasers of the Products.

55.  Plaintiff and members of the Classes purchased the Products, believing that they conformed to the express warranties.

56.  As set forth in the paragraphs above, RFA Brands' statements concerning the

Products are false.

57.     All conditions precedent to RFA Brands' liability under the above-referenced contract have been performed by Plaintiff and the other members of the Classes.

58.     RFA Brands breached its express warranties about the Products because, as alleged above, the Products' capacity was lower than RFA Brands represented.  RFA Brands therefore breached the applicable state statutes and common law.

59.     As a result of RFA Brands' breaches of express warranty, Plaintiff and the other members of the Classes were damaged in the amount of the purchase price they paid for the Products, or in the amount they paid based upon the misrepresentations, in amounts to be proven at trial.

60.     On August 7, 2018, within a reasonable time after he knew or should have known of such breach, Plaintiff, on behalf of himself and the other members of the Classes, placed RFA Brands on notice thereof.

61.     As a proximate result of the breach of warranties by RFA Brands, Plaintiff and the other members of the Classes did not receive goods as warranted.  Among other things, Plaintiff and the members of the Classes did not receive the benefit of the bargain and have suffered other injuries as detailed above.  Moreover, had Plaintiff and the members of the Classes known the true facts, they either would not have purchased the Products, or would not have been willing to pay the price RFA Brands charged for the Products.

62.     Wherefore Plaintiff, on behalf of the Classes, pray for relief as set forth herein.

## COUNT V
### (Unjust Enrichment on Behalf of the Classes)

63.     Plaintiff incorporates by reference and realleges herein all paragraphs alleged above.

64. Plaintiff and the members of the Classes conferred benefits on RFA Brands by purchasing the Products and paying a greater price for them than they would have if RFA Brands had truthfully represented the Products' capacity.

65. RFA Brands has knowledge of such benefits.

66. RFA Brands' representations that the capacity of the Products is greater than it actually is constitutes an affirmation of fact that is part of the basis of the bargain between RFA Brands and purchasers of the Products.

67. RFA Brands made the above-referenced representations in order to induce Plaintiff and the members of the Classes to purchase, purchase more of, or to pay more for the Products than they otherwise would have, and Plaintiff and the members of the Classes relied on the representations in purchasing the Products.

68. As a result of RFA Brands' deceptive, fraudulent and misleading labeling, advertising, and marketing of the Products, Plaintiff and other members of the Classes were induced to pay the purchase price and pay more for the Products than they otherwise would have.

69. Plaintiff and the members of the Classes were unjustly deprived of payments because they would not have purchased, or would have purchased less of, or would have paid less for the Products if true facts had been known.

70. RFA Brands was enriched at the expense of Plaintiff and the other members of the Classes, thereby creating a quasi-contractual obligation on RFA Brands to restore those ill-gotten gains to Plaintiff and the members of the Classes.

71. Under the circumstances, it would be against equity and good conscience to permit RFA Brands to retain the ill-gotten benefits that it received from Plaintiff and the other members of the Classes, in light of the fact that the Products purchased by Plaintiff and the other

members of the Classes were not what RFA Brands purported them to be. Thus, it would be unjust or inequitable for RFA Brands to retain the benefit without restitution to Plaintiff and the other members of the Classes for the monies paid to RFA Brands for the Products.

72.     As a direct and proximate result of RFA Brands' unjust enrichment, Plaintiff and the members of the Classes are entitled to restitution or restitutionary disgorgement, in an amount to be proven at trial.

73.     Wherefore Plaintiff, on behalf of the Classes, pray for relief as set forth herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment on behalf of himself and the Classes as follows:

A.     Certifying this action as a class action, with Classes as defined above;

B.     Requiring that RFA Brands pay for notifying the members of the Classes of the pendency of this suit;

C.     Awarding Plaintiff and the Classes injunctive relief;

D.     Awarding Plaintiff and the Classes monetary damages in an amount to be determined at trial, together with prejudgment interest;

E.     Awarding Plaintiff and the Classes statutory damages in the maximum amount provided by law;

F.     Awarding Plaintiff and the Classes restitution of RFA Brands's ill-gotten gains;

G.     Awarding Plaintiff and the other members of the Classes the reasonable costs and expenses of suit, including their attorneys' fees; and

H.     For any further relief that the Court may deem appropriate.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rule of Civil Procedure Rule 38, Plaintiff hereby demands a trial by jury.

Dated: White Plains, New York
November 13, 2018, 2018

By: s/ D. Greg Blankinship
D. Greg Blankinship
Todd S. Garber
FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
445 Hamilton Ave, Suite 605
White Plains, New York 10601
Telephone: (914) 298-3290
gblankinship@fbfglaw.com
tgarber@fbfglaw.com

*Attorneys for Plaintiff and the Proposed Class*