**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

MARK MANCUSO, on behalf of himself
and all others similarly situated**,**

        Plaintiff,

    -against-

RFA BRANDS, LLC, d/b/a MYCHARGE,

      Defendant.

Civil Action No. 6:18-cv-06807-DGL

CLASS ACTION

## DEFENDANT RFA BRANDS, LLC'S
## MEMORANDUM IN SUPPORT OF ITS MOTION
## TO DISMISS THE COMPLAINT



# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii

I.     INTRODUCTION ................................................................................................ 1

II.    BACKGROUND FACTS ...................................................................................... 2

       A.     The Parties ................................................................................................ 2

       B.     Plaintiff's Test of a Single Unidentified Power Bank ............................ 3

       C.     Plaintiff's Claims .................................................................................... 4

III.   LEGAL STANDARD FOR MOTION TO DISMISS ........................................ 6

IV.    ARGUMENT ........................................................................................................ 7

       A.     Plaintiff Lacks Standing to Bring His Claims ........................................ 7

              1.     Plaintiff Did Not Allege A Facially Plausible Injury in Fact ..................... 8

              2.     Plaintiff Lacks Standing to Assert Claims Based on the Laws of
                     States with Which He Has No Connection ................................. 13

       B.     Plaintiff Claims for Violation Of New York Business Law Should Be
              Dismissed for Failure to Adequately Plead Required Elements ......................... 14

              1.     Plaintiff's Complaint Omits Required Elements Under NY GBL §§
                     349 and 350 ................................................................................. 14

              2.     Plaintiff Failed to Allege that a Reasonable Consumer Is Likely to
                     be Misled Under the Circumstances of this Case ...................... 16

              3.     Plaintiff's Claim Fails to Plead Facts Adequate to Establish
                     Standing for Injunctive Relief under New York Law .............................. 17

              4.     Plaintiff's Claims Are Time-Limited by Statute ........................................ 19

       C.     The Court Should Dismiss Plaintiff's Count III for Violation of State
              Consumer Protection Acts ...................................................................... 19

       D.     Plaintiff's Count IV Breach of Express Warranty Claim Should Be
              Dismissed ............................................................................................... 21

       E.     The Court Should Dismiss Plaintiffs' Count V - Unjust Enrichment Claim ........ 23

              1.     Plaintiff Fails to Identify the State Law at Issue ....................................... 23



2.  Plaintiff Fails to Allege Facts to Support Any Claim That a Benefit Was Conferred on Defendant.................................................................. 23

3.  Plaintiff's Claim Is Duplicative of His Breach of Warranty/Contract and Tort Claims for Which He Has an Adequate Legal Remedy........................................................................ 24

V.   CONCLUSION................................................................................................ 25



## <u>TABLE OF AUTHORITIES</u>

### Cases

*Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc.,*
    390 F.Supp.2d 1170 (M.D. Fla 2005) .................................................................... 24

*APWU v. Potter,*
    343 F.3d 619 (2d Cir. 2003) .................................................................................... 8

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ..................................................................................... 6, 9, 10

*Atik v. Welch Foods, Inc.,*
    No. 15-CV-5405(MKB) (VMS), 2016 WL 5678474 (E.D.N.Y. Sept. 30, 2016) ........... 18

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ..................................................................................... 7, 9, 10

*Bildstein v. MasterCard Int'l Inc.,*
    329 F.Supp.2d 410 (S.D.N.Y. 2004) ..................................................................... 15

*Bledsoe v. FCA US LLC,*
    307 F.Supp.3d 646 (E.D. Mich. 2018) ............................................................. 9, 10

*Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris USA Inc.,*
    3 N.Y.3d 200 (2004) ............................................................................................ 15

*Brady, et. al. v. Anker Innovations, Ltd.,*
    det. Al. (Case No. 18-cv-11396, S.D.N.Y.) ......................................................... 11

*Bumpers v. Cmty. Bank,*
    747 S.E.2d 220 (N.C. 2013) ................................................................................ 20

*Buonasera v. Honest Co., Inc.,*
    208 F.Supp.3d 555 (S.D.N.Y. 2016) ......................................................... 17, 18, 25

*Carlson v. Gen. Motors Corp.,*
    883 F.2d 287 (4th Cir. 1989) ............................................................................... 11

*City of Los Angeles v. Lyons,*
    461 U.S. 95 (1983) ............................................................................................... 17

*City of New York v. Smokes-Spirits.com, Inc.,*
    12 N.Y.3d 616 (2009) .......................................................................................... 15



*Corbett v. City of New York*,
　　No. 13 CV 602 (PPG), 2013 WL 12334603 (S.D.N.Y. Sep. 17, 2013) ........................... 8

*Corsello v. Verizon N.Y., Inc.*,
　　18 N.Y.3d 777 (N.Y. 2012) ..................................................................... 25

*DaimlerChrysler Corp. v. Cuno*,
　　547 U.S. 332 (2006) ............................................................................ 8

*Davis v. Fed. Election Comm'n*,
　　554 U.S. 724 (2008) ............................................................................ 6

*Davis v. Hain Celestial Grp., Inc.*,
　　297 F. Supp. 3d 327 (E.D.N.Y. 2018) ............................................................ 17

*DiBartolo v. Abbott Labs.*,
　　914 F.Supp.2d 601 (S.D.N.Y.2012) ............................................................... 21

*Dix. v. Am. Bankers Life Assurance Co.*,
　　415 N.W.2d 206 (Mich. 1987) ................................................................... 20

*East. Materials Corp. v. Mitsubishi Plastics Composites America, Inc.*,
　　207 F.Supp.3d 52 (E.D.N.Y. 2018) .............................................................. 21

*Ebin v. Kadgadis Food Inc.*,
　　2013 WL 6504547 (S.D.N.Y. 2013) ............................................................... 22

*Elkind v. Revlon Consumer Prod. Corp.*,
　　No. 14-CV-2484 JS AKT, 2015 WL 2344134 (E.D.N.Y. May 14, 2015) ...................... 19

*Estrada v. Johnson & Johnson*,
　　2017 WL 2999026 (D.N.J. July 14, 2017) ....................................................... 12

*Fink v. Time Warner Cable*,
　　714 F.3d 739 (2d Cir. 2013) .................................................................... 16

*Geffner v. Coca-Cola Co.*,
　　No. 17 CIV. 7952 (LLS), 2018 WL 6039325 (S.D.N.Y. Oct. 31, 2018) ..................... 16

*Gonzalez v. Costco Wholesale Corp.*,
　　No. 16-cv-2590-NGG-JO, 2018 WL 4783962 (E.D.N.Y. Sept. 29, 2018) .................... 17

*Gristede's Foods, Inc. v. Unkechauge Nation*,
　　532 F.Supp.2d 439 (E.D.N.Y. 2007) ............................................................ 19



*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
719 P.2d 531 (Wash. 1986) ................................................................... 20

*Hester v. Walmart*
(Case No. 18-cv-05225-TLB, W.D. Ar.) ................................................ 11

*Holve v. McCormick & Co., Inc.*,
334 F.Supp.3d 535 (W.D.N.Y. 2018) ...................................................... 6

*Hummel v. Tamko Building Products, Inc.*,
303 F.Supp.3d 1288 (M.D. Fla. 2017) .................................................. 20

*Hylton v. J.P. Morgan Chase Bank, N.A.*,
338 F.Supp.3d 263 (S.D.N.Y. 2018) ........................................................ 6

*In re Aftermarket Filters Antitrust Litig.*,
2010 U.S. Dist. LEXIS 32652, 2010 WL 1416259 (N.D. Ill. Apr. 1, 2010) ................... 24

*In re Checking Account Overdraft Antitrust Litig.*,
694 F.Supp.2d 1302 (S.D. Fla. 2010) .................................................... 14

*In re Graphics Processing Units Antitrust Litig.*,
527 F.Supp.2d 1011 (N.D. Cal 2007) ..................................................... 14

*In re Packaged Ice Antitrust Litig.*,
779 F.Supp.2d 642 (E.D. Mich. 2011) ............................................... 13, 23

*In re Potash Antitrust Litig.*,
667 F.Supp.2d 907 (N.D. Ill. 2009) ...................................................... 14

*In re Refrigerant Compressors Antitrust Litig.*,
2013 WL 1431756 (E.D. Mich. Apr. 9, 2013) ...................................... 23, 24

*In re Terazosin Hydrochloride Antitrust Litig.*,
160 F.Supp.2d 1365 (S.D. Fla. 2001) .................................................... 14

*Koenig v. Boulder Brands, Inc.*,
995 F.Supp.2d 274 (S.D.N.Y. 2014) ............................................ 21, 22, 25

*Koronthaly v. L'Oreal USA, Inc.*,
374 F.App'x 257 (3d Cir. 2010) ........................................................... 11

*Kraft v. Staten Island Boat Sales, Inc.*,
715 F.Supp.2d 464 (S.D.N.Y. 2010) ..................................................... 22



*La Vigne v. Costco Wholesale Corp.*,
   284 F.Supp.3d 496 (S.D.N.Y. 2018)......................................................... 17

*Lassen v. Nissan N. Am., Inc.*,
   211 F.Supp.3d 1267 (C.D. Cal. 2016) ...................................................... 11

*Los Gatos Mercantile, Inc. v. E.I. Dupont De Nemours & Co.*,
   2015 U.S. Dist. LEXIS 106292 (N.D. Cal., August 11, 2015) ...................... 24

*Lujan v. Defs. Of Wildlife*,
   504 U.S. 555 (1992) ................................................................................. 8

*Mahoney v. Endo Health Sols., Inc.*,
   2016 WL 3951185 (S.D.N.Y. July 20, 2016) .............................................. 25

*Mazzone v. Topstar*,
   (Case No. 18-cv-06989, N.D. Cal.) ........................................................... 11

*McGuire v. BMW of N. Am., LLC*,
   2014 WL 2566132 (D.N.J. June 6, 2014) .............................................. 13, 14

*Medley v. Johnson & Johnson Consumer Cos.*,
   2011 WL 159674 (D.N.J. Jan. 18, 2011) ................................................... 11

*Nicosia v. Amazon.com, Inc.*,
   834 F.3d 220 (2d Cir. 2016)..................................................................... 18

*O'Neil v. Simplicity, Inc.*,
   574 F.3d 501 (8th Cir. 2009) .................................................................. 12

*Ocean Commc'ns, Inc. v. Burbeck*,
   956 So.2d 1222 (Fla. Dist. Ct. App. 2007) ................................................ 24

*O'Shea v. Littleton*,
   414 U.S. 488 (1974).............................................................................. 18

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, N.A.,
   85 N.Y.2d 20 (1995) ......................................................................... 16, 20

*Parks v. Dick's Sporting Goods, Inc.*,
   No. 05-CV-6590 (CJS), 2006 WL 1704477 (W.D.N.Y. June 15, 2006)...................... 6, 13

*Pronti v. DML of Elmira, Inc.*,
   103 A.D.2d 916 (1984) ........................................................................... 21



*Rivera v. Wyeth-Ayerst Labs.*,
    283 F.3d 315 (5th Cir. 2002) ................................................................ 12

*Spokeo, Inc.* v. *Robins*,
    136 S.Ct. 1540 (2016) ................................................................... 1, 8

*Stalker v. MBS Direct, LLC*,
    2012 WL 6642518 (E.D. Mich. Dec. 20, 2012) ............................ 23

*Strauss v. Ford Motor Co.*,
    439 F.Supp.2d 680 (N.D. Tex. 2006) ........................................... 10

*Treiber v. Aspen Dental Mgmt., Inc.*,
    94 F.Supp.3d 352 (N.D.N.Y. 2015) ........................................ 15, 16

*Young v. Johnson & Johnson*,
    2012 WL 1372286 (D.N.J. Apr. 19, 2012) .......................... 9, 11, 12

## Statutes

35 U.S.C. § 1404 ............................................................................. 1

## Other Authorities

815 Ill. Comp. Stat. Ann. § 505/2 ................................................ 20
Cal. Civil Code § 1782 ................................................................. 20
Mass. Gen. Laws ch. 93A, § 9(3) ................................................ 20
N.J. Stat. Ann. § 56:8-11 .............................................................. 20
NY GBL § 350 ........................................................................ 14, 15
NY GBL § 349 ........................................................................ 14, 15
NY UCC § 2-313 ........................................................................... 21
U.S. Const., Art III, § 2 .................................................................. 7

## Rules

Fed. R. Civ. P. 12 ................................................................ 1, 6, 25
Fed. R. Civ. P. 8 ................................................................... 18, 19
Fed. R. Civ. P. 9 ......................................................................... 25



# I.    INTRODUCTION

Plaintiff, Mark Mancuso, both himself and on behalf of a purported New York class and a Multi-State class (of ten states including New York), filed a Complaint (Dkt. # 1) alleging claims which include: (1) the violation of all ten states' consumer protection statutes (Counts I-III); (2) breach of express warranty (Count IV) and (3) unjust enrichment (Count V.)  Defendant, RFA Brands, LLC ("RFA Brands") moves to dismiss this Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for among other reasons detailed below, lack of standing.[1]

Plaintiff, nor the classes, have Article III standing because of a failure to plead the required "concrete and particularized" injury that is fairly traceable to RFA Brands' conduct. *Spokeo, Inc.* v. *Robins*, 136 S.Ct. 1540, 1547-48 (2016). Plaintiff alleges injury in the form of an alleged overpayment of a "price premium" for battery charger products (termed "Power Banks" in the Complaint) that allegedly have a lower battery capacity than advertised.  However, Plaintiff's allegations are insufficient to confer Article III standing as a matter of settled law.

Plaintiff's claim of overpayment rests entirely on the uncorroborated "test" of a single, unidentified, RFA Brands' Power Bank – which Plaintiff admits is not the actual Power Bank he purchased.  Plaintiff alleges no details about which of RFA Brands' models was tested or any details about his lawyers' "test."  Nor does he allege any specific facts quantifying the supposed "price premium" he paid for the product.  These allegations do not adequately allege an injury in fact sufficient to confer standing.  Yet, Plaintiff's Complaint further extrapolates this test of an

---

[1] Should the Court not dismiss this action, RFA Brands intends to move this Court for a transfer of venue pursuant to 35 U.S.C. § 1404, as the Eastern District of Michigan is a more convenient and better suited forum to hear this dispute.  If the Court would prefer to decide that motion for transfer prior to, or concurrently, with the present motion, RFA Brands is prepared to promptly file that motion for the Court's consideration.



unknown model to allege that ***all*** RFA Brands' myCharge Products' have a battery "capacity ... substantially less than what RFA Brands had represented."  For this reason, Plaintiff's claims should be dismissed.

In addition, Plaintiff lacks Article III standing to assert claims under the laws of the nine (9) states in which he does not live and does not claim to have purchased a Power Bank, because Plaintiff could not have suffered injury in those states.  At a minimum, the Court should dismiss claims asserted under the laws of these states.

In addition, Plaintiff's Complaint fails to plead facts sufficient to state a claim for the Counts asserted for a number of other reasons, which are detailed below.  As such, RFA Brands respectfully requests that this Court dismiss Plaintiff's Complaint.

## II.     BACKGROUND FACTS

### A.     The Parties

Plaintiff, Mark Mancuso ("Plaintiff"), is a single individual who allegedly purchased a portable battery charger ("Power Bank") manufactured by Defendant RFA Brands, LLC ("RFA Brands"). (Dkt. # 1, Complaint at ¶ 9.) Plaintiff does not identify the model of the Power Bank that he purchased.  (See generally, *Id*.)

Plaintiff alleges that he resides in the State of New York and that he purchased the Power Bank there. (*Id*., ¶ 9.)  He alleges that he purchased the Power Bank in reliance on "RFA Brands' representation that its capacity is 3000mAh," and that "he did not discover or have any reason to believe that the Product did not have the capacity represented by Defendant until shortly before bringing this action." (*Id*.)  He further alleges that, [h]ad [he] known the truth, that the Product's mAH was really less, he would not have purchased it or would not have been willing to pay as



2

much as he paid for the Product." (*Id.*)  Finally, he alleges he would "consider purchasing the Product again if he could trust that RFA Brands' representations about its mAh rating were correct going forward ...." (*Id., ¶* 10.)

Plaintiff purports to represent a putative "Multi-State Class" including "[a]ll consumers who purchased the Products in California, Florida, Illinois, Massachusetts, Michigan, New Jersey, New York, North Carolina, Ohio and Washington, and a class and New York state-specific subclass of "[a]ll consumers who purchased the Products within the State of New York" (*Id.*, ¶¶ 18-19.)

RFA Brands is a Delaware limited liability company with a principal place of business in Birmingham, Michigan.  RFA Brands manufactures and distributes Power Bank products to retailors, which sell the products to consumers. (*Id.*, ¶ 11.)  RFA Brands markets many different Power Bank products, with varying capacities, under the brand of myCharge. (*Id.*, ¶ 3.)  Plaintiff defines all RFA Brands' myCharge products together as "the 'Products'". (*Id.*)

## B.    Plaintiff's Test of a Single Unidentified Power Bank

Plaintiff's action is based on a single paragraph in the Complaint describing the purported test of a single, unidentified[2] RFA Brands' Power Bank product. (*Id.*, ¶ 16.)  Plaintiff not only fails to identify the product tested, but his allegations suggest he did not test the product he purchased, instead implying that his counsel tested "the same model Plaintiff purchased." (*Id.*)  Plaintiff makes no representations as to when the tested product was purchased, whether it had been previously used to charge any devices, and if so, how many times. (*Id.*)

---

[2] The Complaint states that the tested product represented a battery capacity of 3000mAh. (Dkt. #1 at ¶ 16.) However, RFA Brands has multiple products with this designated battery capacity.



Plaintiff provides no specifics regarding the alleged testing of this Power Bank product, other than stating he "used a skilled and experienced testing company." (*Id.*, ¶ 16.) He does not allege how many times this one Power Bank was tested, the conditions under which it was tested (including the voltage at which it was tested), what controls were employed, what, if anything, was done to ensure the accuracy of the results, or why such testing was reliable. (*Id.*) Plaintiff then alleges that "the test results revealed that the capacity was actually only 1902mAh." (*Id.*)

From this sole test of a single Power Bank, Plaintiff extrapolates that at the time RFA Brands sold them: (1) all the myCharge "Products' true capacity was substantially less than what RFA Brands had represented," (2) that RFA Brands was aware that the capacity was "substantially less than what RFA Brands represented," and (3) "RFA Brands intentionally misrepresented the Products' capacity ...." (*Id.*, ¶ 16.) Plaintiff then speculates that all members of the classes "have suffered damages based on the price premium Defendant can and does charge as a result of its misrepresentation .... (*Id.*, ¶ 39)

Other than this single test of one Power Bank product, different from the one he purchased, Plaintiff does not point to testing of any other RFA Brands' Power Bank products to support the plausibility of his allegations. (*See Id.*, ¶ 16 generally.) Nor does Plaintiff state what he paid for the product, how this price was compared to other products, or provide any comparison testing of any other manufacturers' Power Bank products to show a difference in capacity to support of any purported price premium paid for the RFA Brands' Power Bank. (*See Id.* generally.)

## C.     Plaintiff's Claims

In his Complaint, Plaintiff claims, on behalf of the New York Class, violations of New York (N.Y. Gen. Bus. Law § 349 and 350). (*Id.*, ¶¶ 29-40.) Plaintiff also claims, on behalf of the Multi-State Class, violations of various state unfair competition and consumer protection statutes in California (Cal. Civ. Code § 1750 and Cal. Bus. & Prof. Code § 17200); Florida (Fla. Stat. §



4

501.201); Illinois (815 Ill. Comp. Stat. § 505/1); Massachusetts (Mass. Gen. Laws Ann. ch. 93A, § 1); Michigan (MCL § 445.901); New Jersey (N.J. Stat. Ann. § 56:8-1); New York (N.Y. GBL § 349); North Carolina (N.C. Gen. Stat. § 75-1.1(a)); Ohio (Ohio Revised Code § 1345) and Washington (Wash. Rev. Code § 19.86.010). Plaintiff also purports to bring state law claims (for unidentified states) for breach of warranty and unjust enrichment on behalf of the classes.

Plaintiff's claims stem from alleged misstatements by RFA Brands concerning the battery capacity of its myCharge Power Bank products. Specifically, Plaintiff alleges the following:

- The greater the capacity of the Power Bank, as is expressed in milliampere-hours ("mAh"), the more times the Power Bank can be used to recharge PEDs before the Power Bank must be recharged itself. (Dkt. # 1, ¶ 2.)

- The most important factor for consumers in choosing a Power Bank is its capacity, which is measured in milliampere-hours, or "mAh." (*Id.*, ¶ 14.)

- The higher the mAh, the greater the number of times a Power Bank can be used to recharge PEDs before the Power Bank itself must be recharged. (*Id.*)

- Consumers thus have a strong preference for, and pay more for, Power Banks with a higher mAh. Accordingly, for most Power Banks, the mAh rating is featured prominently in the product's advertising. (*Id.*)

- RFA Brands ... prominently represent[s] the Products' capacities as measured in mAh. Unfortunately for consumers, testing has shown the Products' actual capacities are substantially lower than what RFA Brands represents. (*Id.*, ¶ 3.)

- By deceiving consumers about the Products' capacities as detailed herein, RFA Brands is able to sell more of, and charge more for, the Products than the Company could charge if the Products were labeled accurately. (*Id.*, ¶ 4.)

- RFA Brands was also incentivized to mislead consumers to take away market share from competing products, thereby increasing its own sales and profits. (*Id.*)

- RFA Brands has profited enormously from its false and misleading representations about the Products. (*Id.*, ¶ 17.)



### III.   LEGAL STANDARD FOR MOTION TO DISMISS

To survive a motion to dismiss for lack of standing pursuant to Rule 12(b)(1), a Plaintiff asserting subject matter jurisdiction "must demonstrate standing for each claim he seeks to press." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (quotations and citations omitted).

Courts must resolve questions of subject matter jurisdiction before ruling on the merits of a particular claim.  *Hylton v. J.P. Morgan Chase Bank, N.A.,* 338 F.Supp.3d 263 (S.D.N.Y. 2018). Moreover, the issue of standing should be addressed in the first instance, before permitting a case to proceed to the class certification stage:

> The Second Circuit has rejected the notion that class certification should, as a matter of course, be analyzed before Article III standing. *See Mahon*, 683 F.3d at 64 [*Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 64 (2d Cir. 2012)] (discussing *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831, 119 S.Ct. 2295, 144 L.Ed.2d 715 (1999) and rejecting the Seventh Circuit's interpretation of *Ortiz* "as a 'directive to consider issues of class certification prior to issues of standing'" (citing *Payton v. Cty. of Kane*, 308 F.3d 673, 680-82 (7th Cir. 2002), *cert. denied sub nom.*, *Carroll Cty. v. Payton*, 540 U.S. 812, 124 S.Ct. 61, 157 L.Ed.2d 26 (2003) ) ); *see also In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*, 1 F.Supp.3d 34, 49 (E.D.N.Y. 2014) ("[T]he Second Circuit has made clear that Article III standing is generally a prerequisite to class certification.") (citations omitted).

*Holve v. McCormick & Co., Inc.*, 334 F.Supp.3d 535, 547 (W.D.N.Y. 2018). *See also Parks v. Dick's Sporting Goods, Inc.*, No. 05-CV-6590 (CJS), 2006 WL 1704477, at *2–3 (W.D.N.Y. June 15, 2006) (Comparing cases and concluding that standing should be considered before class certification: "This Court agrees with the reasoning of the latter group of cases cited, and finds that it may properly consider the motion to dismiss now, as opposed to waiting until after ruling on a motion for class certification.").

To survive a motion brought under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).  A claim is plausible on



its face if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007).  Plausibility is not the same as probability, but "[t]he plausibility standard ... asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotations and citations omitted). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

A "plausibility" determination is a context-specific task that requires the reviewing court to draw on its judicial expertise and common sense.  A plaintiff must do more than allege bare conclusions of law, and the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.*  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to state a plausible claim for relief]." *Id.*  "A plaintiff's obligation to provide the grounds of [his] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  For purposes of its Motion only, RFA Brands will treat the facts as alleged in Plaintiff's Complaint as true.

## IV.     ARGUMENT

### A.     Plaintiff Lacks Standing to Bring His Claims

Plaintiff's Complaint should be dismissed because he lacks Article III standing to bring his claims. Federal courts have limited jurisdiction and are permitted to adjudicate "cases" and "controversies" only as allowed under Article III of the Constitution.  *See* U.S. Const., Art III, § 2. When subject matter jurisdiction is challenged, the plaintiff "bear[s] the burden of 'showing by a



preponderance of evidence that subject matter jurisdiction exists.'" *Corbett v. City of New York*, No. 13 CV 602 (PPG), 2013 WL 12334603, at *2 (S.D.N.Y. Sep. 17, 2013) (citing *APWU v. Potter,* 343 F.3d 619, 623 (2d Cir. 2003)).

Article III requires Plaintiffs to plead facts that show a "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief," *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (citation omitted). Injury-in-fact is "the 'first and foremost' of standing's three elements," and to plead it, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547-48 (2016) (citation omitted).

To have standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560-61 (1992). An "injury in fact" occurs when a plaintiff has suffered "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 560. (internal citations omitted).

Plaintiff cannot meet these constitutional requirements, because (a) he failed to plead a "facially plausible" injury-in-fact traceable to RFA Brands, and (b) he suffered no alleged harm, in the states where he neither resides nor purchased the RFA Brands' products.

### 1.    Plaintiff Did Not Allege A Facially Plausible Injury in Fact

Plaintiff's allegations that he and the class members were injured by overpaying for RFA Brands' Power Bank products because the products do not have the stated capacity are insufficient to establish an injury-in-fact. The alleged overpayment is pure speculation based on a single test



of an unidentified RFA Brands Power Bank product in an unknown condition and tested under unknown test conditions.  These allegations are far too weak and unsubstantiated to establish constitutional standing.  Moreover, there is nothing in Plaintiff's Complaint from which this Court could plausibly infer under *Twombly* and *Iqbal* that __all__ the RFA Brand's myCharge products, as opposed to just this single, unidentified product, did not perform as advertised. See *Young v. Johnson & Johnson*, 2012 WL 1372286, at *4 (D.N.J. Apr. 19, 2012) (no overpayment injury in fact where plaintiff did "not set forth allegations as to how he ... received a product that did not deliver the advertised benefits"); *Bledsoe v. FCA US LLC*, 307 F.Supp.3d 646, 654 (E.D. Mich. 2018).

Indeed, Plaintiff does not even allege that he bought or owned the product which was apparently obtained and tested by his lawyers.  Nor does the Complaint state who performed the test, how many times this one product was tested, the conditions under which it was tested, controls that were used, or what, if anything, was done to ensure the accuracy of the results.  These allegations concerning this test of an unidentified product, do not establish a concrete and particularized injury to a named Plaintiff.

Moreover, although Plaintiff acknowledges that his entire Complaint is based on a single test of one unidentified RFA Brand's product[3] he nevertheless, extrapolates this to allege that __*all*__ RFA Brands' Power Bank products have battery capacities below that represented on the packaging. (*Id.*, ¶¶ 3-4, 16-17, 31-33, 37-39, 46-50, 53-56, 58-59, 61, 64-71.)  Accordingly, Plaintiff's Complaint is entirely unsupported by specific factual allegations.  Although the Court

---

[3] See Dkt. No. 1, ¶ 22 ("Plaintiff tested a myCharge Power Bank represented to have 3000mAh capacity (the same model Plaintiff purchased) using a skilled an experienced testing company.") That test allegedly revealed electrical capacity below what RFA Brands represented for that product. *Id.*



must accept well-pleaded factual allegations of the complaint as true at the motion to dismiss stage,

the Court is "not bound to accept as true a legal conclusion couched as a factual allegation."

*Twombly*, 550 U.S. at 555; *Bledsoe*, 307 F.Supp.3d at 646.

In *Bledsoe*, plaintiffs alleged that emissions testing performed on a single automobile

supported the existence of a defeat device in multiple, different automobile models. *See Bledsoe*,

307 F.Supp.3d at 657.  In dismissing the proposed automotive defect class action, the court stated:

> Thus, Plaintiffs' allegations of the presence of a defect or a defeat device in the
> identified vehicles, based on results of their PEMS testing on a single Truck, are
> conclusory; they are not founded on specific allegations of fact. The court may not
> accept as true Plaintiffs' conclusory allegations regarding the performance of
> vehicles generally (other than the one tested) and the presence of defeat devices or
> a defective emissions system in any of the vehicles.

*Id.*  As a result, Plaintiff's reliance on a single test of one, unidentified RFA Brands' product fails

to meet the plausibility requirement under *Twombly*:

> Standing alone, Plaintiffs' PEMS results from one tested vehicle do not raise a
> plausible inference of wrongdoing because they do not "permit the court to infer
> more than the mere possibility" that the Affected Vehicles perform as alleged by
> Plaintiffs. See *Iqbal*, 55 U.S. at 679.

*Id.*  Here, as in *Bledsoe*, Plaintiff's claims should be dismissed for failing to plead a facially

plausible injury in fact that is traceable to RFA Brands.

Moreover, notwithstanding this fundamental pleading failure, Plaintiff also lacks standing

because his alleged damages fail to constitute an injury in fact for three additional reasons.

*First*, the Complaint acknowledges that the product at issue sufficiently performed because

"Plaintiff did not discover or have any reason to believe that the Product did not have the capacity

represented by Defendant until shortly before bringing this action."  *See* Dkt. # 1, ¶ 9. Plaintiff

does not allege that the Product ever failed when he was using it.  Thus, Plaintiff implicitly

concedes that the product worked for its intended purpose. *See*, *e.g. Strauss v. Ford Motor Co.*,

439 F.Supp.2d 680, 685 (N.D. Tex. 2006) ("The ordinary purpose for which a car is intended is



transportation").

Because Plaintiff fails to allege that he "received a product that failed to work for its intended purpose or was worth *objectively* less than what one could reasonably expect," he has, as a matter of law, not suffered injury. *Koronthaly v. L'Oreal USA, Inc.*, 374 F.App'x 257, 259 (3d Cir. 2010) (no injury in fact where plaintiff "asserted only a subjective allegation that the trace amounts of lead in the lipsticks are unacceptable to her"); *see also Carlson v. Gen. Motors Corp.*, 883 F.2d 287, 298 (4th Cir. 1989) (no injury in fact where plaintiffs alleged only a diminution in value and no defect); *Young*, 2012 WL 1372286, at *4 (no injury in fact where only allegations were in regards to plaintiff's "own subjective belief" as to the product's performance); *Medley v. Johnson & Johnson Consumer Cos.*, 2011 WL 159674, at *2 (D.N.J. Jan. 18, 2011) (no injury in fact where shampoo "worked as intended," even if plaintiffs would not have purchased the product had they "known [its] true nature").

*Second*, the Complaint's claim of alleged overpayment is unsupported by any plausible factual allegations. *See Lassen v. Nissan N. Am., Inc.*, 211 F.Supp.3d 1267, 1280 (C.D. Cal. 2016) ("It is true that both overpayment and diminution in value are theoretically cognizable injuries-in-fact ... [b]ut, a plaintiff must still plead facts sufficient to establish these injuries-in-fact."). The Complaint lacks any *facts* that support the assertion that RFA Brands' products were more expensive solely because of the alleged representation as to mAh capacity.  Indeed, he fails to allege the price he paid, how it compares to other manufacturers' products, and whether these other products have been tested, to compare their stated and actual capacities[4] and the prices paid.  The

---

[4] Significantly, Plaintiff's attorney has filed three similar cases against other Power Bank manufacturers and alleged in each case that testing proves that the manufacturer's products did not meet the capacity (in mAh) as stated on the package. See *Mazzone v. Topstar*, (Case No. 18-cv-06989, N.D. Cal.); *Hester v. Walmart* (Case No. 18-cv-05225-TLB, W.D. Ar.); *Brady, et. al. v. Anker Innovations, Ltd.*, det. Al. (Case No. 18-cv-11396, S.D.N.Y.)



Complaint's allegations, moreover, suggest that any alleged overpayment is based not on objective criteria, such as model type or capacity, but on Plaintiff's subjective sense of what he would have paid for his product had he known the alleged "truth" about its capacity. (Dkt. # 1, ¶ 9) ("Had Plaintiff known the truth … would not have been willing to pay as much as he paid for the Product.")  Plaintiff's alleged "premium" is too "conjectural or hypothetical" to confer standing. *See Estrada v. Johnson & Johnson*, 2017 WL 2999026, at *15 (D.N.J. July 14, 2017) (holding complaint failed to "set forth any comparable, cheaper products to demonstrate that Baby Powder was in fact sold at a premium price.  Accordingly, Plaintiff has not sufficiently alleged that she purchased Baby Powder at a premium."); *Young*, 2012 WL 1372286, at *4 (granting motion to dismiss in part because plaintiff failed to "set forth allegations as to how he paid a premium").

*Third*, Plaintiff's allegation of economic injury is also insufficient to establish injury. Plaintiff contends that he has suffered injury by purchasing "more expensive" products. But without any plausible allegations that Plaintiff personally received a defective product or suffered adverse health consequences as a result of the product, "they have necessarily received the benefit of their bargain." *O'Neil v. Simplicity, Inc.,* 574 F.3d 501, 504 (8th Cir. 2009); *see also Rivera v. Wyeth-Ayerst Labs.,* 283 F.3d 315, 320 (5th Cir. 2002) (dismissing consumer protection, implied warranty, and unjust enrichment claims for lack of standing where plaintiffs asserted economic injury but did not claim to have personally purchased a defective product.)  "No-injury suits such as this one [] are routinely dismissed …." *O'Neil,* 574 F.3d at 504-505.

Because Plaintiff does not allege that he has suffered any actual injury and may not rely on a speculative risk of injury to establish injury in fact, this Court should dismiss Plaintiff's suit for lack of standing.



12

### 2.     Plaintiff Lacks Standing to Assert Claims Based on the Laws of States with Which He Has No Connection

Plaintiff asserts claims under the laws of ten states, including New York. (Dkt. # 1, ¶¶ 18-19.)  Yet, Plaintiff alleges that he resides only in New York, and that he purchased the Power Bank at issue in New York. (*Id.*, ¶ 9.)  Thus, as a matter of law, Plaintiff has not alleged he suffered injury in any states other than New York, and thus lacks standing to assert claims under the laws of those states.

"[C]ourts must initially review the standing of actual, not proposed plaintiffs to assert the claims in a class action complaint" *McGuire v. BMW of N. Am., LLC*, 2014 WL 2566132, at *6 (D.N.J. June 6, 2014).  The issue of standing should be decided prior to class certification. *Parks v. Dick's Sporting Goods, Inc.*, No. 05-CV-6590 (CJS), 2006 WL 1704477, at *2–3 (W.D.N.Y. June 15, 2006) ("This Court agrees ...that it may properly consider the motion to dismiss now, as opposed to waiting until after ruling on a motion for class certification.")  It is black-letter law that "named plaintiffs lack standing to assert claims under the laws of the states in which they do not reside or in which they suffered no injury." *In re Packaged Ice Antitrust Litig.,* 779 F.Supp.2d 642, 657-58 (E.D. Mich. 2011) (dismissing claims for 26 states where plaintiffs did not reside.)

While the Complaint asserts causes of action under the consumer protection statutes of ten (10) states, it brings claims on behalf of one named Plaintiff residing and/or purchasing a product in just one state, New York. (Dkt. # 1 at ¶¶ 9, 19.)  Plaintiff does not allege that he has suffered injury in fact in any other state, nor does he allege any connection to any state other than New York, where he allegedly purchased an RFA Brands' product (though not the one tested). (*Id.*, ¶¶ 8, 9, 16.)  Because Plaintiff does not allege that he resides, purchased a product, or was injured in any of the remaining nine states, the causes of action under each of those states' laws must be dismissed for lack of standing. *In re Checking Account Overdraft Antitrust Litig.*, 694 F.Supp.2d



1302, 1324-1325 (S.D. Fla. 2010) (holding that "there must be a named plaintiff with constitutional standing to assert each particular claim," and that therefore "Plaintiffs may only assert a state statutory claim if a named plaintiff resides in that state."); *In re Potash Antitrust Litig.*, 667 F.Supp.2d 907, 920-923 (N.D. Ill. 2009) (concluding that plaintiffs lacked Article III standing to assert claims under the laws of states in which no named plaintiff resided); *In re Graphics Processing Units Antitrust Litig.*, 527 F.Supp.2d 1011, 1026-1027 (N.D. Cal 2007) (holding that no named plaintiff has standing to bring antitrust claims in those states where no plaintiff resides). *See also McGuire*, 2014 WL 2566132, at *6 ("Named plaintiffs lack standing to assert claims under the law of the states in which they do not reside or in which they suffered no injury."); *In re Terazosin Hydrochloride Antitrust Litig.*, 160 F.Supp.2d 1365, 1371 (S.D. Fla. 2001) ("[E]ach claim must be analyzed separately, and a claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim.")

As such, to the extent Counts III, IV and V allege claims under the laws of states other than New York, they should be dismissed because Plaintiff lacks standing.

**B.      Plaintiff Claims for Violation Of New York Business Law Should Be Dismissed for Failure to Adequately Plead Required Elements**

Plaintiff's Complaint seeks damages and equitable relief pursuant to NY GBL § 349, which governs deceptive acts and practices, and NY GBL § 350, which governs false advertising. (Dkt. # 1, Counts I and II.)  Plaintiff, however, failed to allege the facts necessary to state claims under those statutes.  As such, these claims should be dismissed.

**1.      Plaintiff's Complaint Omits Required Elements Under NY GBL §§ 349 and 350**

To state a claim under NY GBL § 349 or § 350, a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff



suffered actual injury as a result of the allegedly deceptive act or practice." *City of New York v. Smokes-Spirits.com, Inc.*, 12 N.Y.3d 616, 621 (2009). Plaintiff's claims under Counts I and II should be dismissed for failure to allege all required elements.

"To establish a claim under NY GBL § 349 or § 350, a plaintiff must prove *actual injury*." *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris USA Inc.*, 3 N.Y.3d 200, 206 (2004). Mere allegations of deception are insufficient to establish actual injury. *See, Bildstein v. MasterCard Int'l Inc.*, 329 F.Supp.2d 410, 415 (S.D.N.Y. 2004) ("To state a claim under [NY GBL 349], a plaintiff must allege that the defendant has engaged in an act or practice that is deceptive or misleading in a material way and that plaintiff has been injured by reason thereof.") (internal citations and quotes omitted).

Here, Plaintiff failed to allege any injury sufficient to maintain his NY GBL claims. Glaringly absent from the Plaintiff's Complaint is any allegation that Defendant's actions harmed Plaintiff. Indeed, as discussed above, Plaintiff did not allege that the actual RFA Brands' product he purchased was tested or fell below the mAh capacity on the label. *See* Section IV.A.1. Instead, he pleads that he "tested a myCharge Power Bank represented to have 3000mAh capacity (the same model Plaintiff purchased)." (Dkt. # 1, ¶ 16.) Thus, Plaintiff fails to assert that he suffered any concrete injury.

In *Treiber v. Aspen Dental Mgmt., Inc.*, 94 F.Supp.3d 352 (N.D.N.Y. 2015), a similar omission of concrete injury warranted dismissal of the complaint. There, the named plaintiffs brought NY GBL § 349 and § 350 claims (among others) against a dental services corporation, alleging that the "defendants routinely induced patients at the clinics, including plaintiffs, to undergo inappropriate dental treatment by intentionally misrepresenting that the treatment was appropriate when the defendant dentists knew it was not" and that "the clinics advertised that they



were legally authorized to provide dental care and would provide appropriate dental care when they knew that to be false." *Id*. at 364-65. The court dismissed the plaintiffs' complaint noting that "[t]he named plaintiffs do not assert that they were harmed by the dental work performed by licensed dentists at the Practices, that they were billed for services they did not need or receive, or that they experienced any other legally cognizable injury." *Id*. at 363. The court further explained, that the plaintiffs "failed to meet their burden on [the defendants'] motion to dismiss" because "[t]hey have not alleged facts that affirmatively and plausibly suggest that they have standing to sue. They have not suffered a concrete and particularized injury that is fairly traceable to the challenged conduct." *Id*. at 366 (dismissing plaintiffs' complaint in its entirety).

Like the *Treiber* plaintiffs, Plaintiff failed to plead an actual injury and has only stated mere allegations of deception, which are insufficient to establish actual injury. Thus, Plaintiff's NY GBL claims should be dismissed.

### 2. Plaintiff Failed to Allege that a Reasonable Consumer Is Likely to be Misled Under the Circumstances of this Case

"[M]indful of the potential for a tidal wave of litigation against businesses that was not intended by the Legislature," the New York courts have adopted, for NY GBL claims, an "objective definition of deceptive acts and practices, whether representations or omissions, *limited* to those likely to mislead a *reasonable* consumer acting reasonably *under the circumstances*." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, N.A., 85 N.Y.2d 20, 26 (1995) (emphasis supplied). *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013). "[I]n determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial." *Geffner v. Coca-Cola Co.*, No. 17 CIV. 7952 (LLS), 2018 WL 6039325, at *5 (S.D.N.Y. Oct. 31, 2018). Courts "view each allegedly misleading statement in light of its context on the product label or advertisement as a whole." *La Vigne v. Costco Wholesale Corp.*, 284



F.Supp.3d 496, 512 (S.D.N.Y. 2018).  "If a plaintiff alleges that an element of a product's label is misleading, but another portion of the label would dispel the confusion, the court should ask whether the misleading element is ambiguous.  If so, the clarification can defeat the claim." *Davis v. Hain Celestial Grp., Inc.*, 297 F. Supp. 3d 327, 334 (E.D.N.Y. 2018).

Plaintiff failed to make any allegations regarding the reasonable consumer standard in Counts I and II.  Indeed, as discussed above, he does even identify the product model he purchased, let alone provide a picture of the claimed misrepresentation in context.  For this additional reason, Plaintiff's NY GBL claims should be dismissed.

### 3.    Plaintiff's Claim Fails to Plead Facts Adequate to Establish Standing for Injunctive Relief under New York Law

While Plaintiff's Complaint seeks injunctive relief pursuant to NY GBL §§ 349 and 350, he failed to plead sufficient allegations to establish entitlement to such relief.  "A plaintiff does not necessarily have standing to seek injunctive relief, even when it is clear that he has standing to seek damages." *Davis v. Hain Celestial Grp., Inc.*, 297 F.Supp.3d 327, 338 (E.D.N.Y. 2018).  Additionally, "named plaintiffs must have standing in order to seek injunctive relief on behalf of the class." *Buonasera v. Honest Co., Inc.*, 208 F.Supp.3d 555, 564 (S.D.N.Y. 2016).

Plaintiff fails to allege any facts indicating that he is suffering any ongoing injury as a result of his past purchase of an RFA Brands' product, or that he will suffer injury in the future.  It is well-established that injunctive relief is only available "if the plaintiff can show an irreparable injury—i.e., a real or immediate threat that the plaintiff will be wronged again." *Gonzalez v. Costco Wholesale Corp.*, No. 16-cv-2590-NGG-JO, 2018 WL 4783962, at *5 (E.D.N.Y. Sept. 29, 2018) citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 96, 111 (1983). "Past injuries do not confer standing to seek injunctive relief unless the plaintiff can demonstrate that she is likely to be harmed again in the future in a similar way." *Id*. citing *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239



(2d Cir. 2016) (internal quotes omitted).   Moreover, Plaintiff's past injury is insufficient to establish standing for injunctive relief. *Gonzalez*, 2018 WL 4783962, at *5-6 quoting *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects.") (internal quotes omitted).  Plaintiff's conclusory allegations in Counts I and II that "[e]ach of the New York Class members will be irreparably harmed unless the unlawful actions of RFA Brands are enjoined" are insufficient to avoid dismissal under Fed. R. Civ. P. 8(a) and the standard of review established above. (Dkt. # 1, ¶¶ 32 and 46)

Moreover, Plaintiff's allegation that he "would consider purchasing the Product again if he could trust that RFA Brands' representation about its mAh rating were correct going forward…" (*Id*. at ¶ 10) is fatal to his claim for injunctive relief.  Courts have repeatedly held that such allegations are insufficient to establish the future injury requirement for standing. *See*, *e.g.*, *Atik v. Welch Foods, Inc.*, No. 15-CV-5405(MKB) (VMS), 2016 WL 5678474, at *6 (E.D.N.Y. Sept. 30, 2016) (finding allegations that plaintiffs would purchase challenged products again if the labels were "truthful and non-deceptive" insufficient to establish future injury); *Buonasera*, 208 F.Supp.3d at 564-65 (holding that plaintiff's allegation was insufficient to allege future injury where plaintiff's complaint stated that "[i]f Honest's products were reformulated such that its representations were truthful, Plaintiff would consider purchasing Honest's products in the future."); *Nicosia*, 84 F.Supp.3d at 158 (holding that plaintiff "lacks standing to seek injunctive relief if his injury is not ongoing and he faces no threat of future injury."). Thus, Plaintiff lacks standing to seek injunctive relief on his own behalf or on behalf of a putative class because he is "now aware of the alleged misrepresentations that [he] challenge[s], so there is no danger that [he]



will again be deceived by them." *Elkind v. Revlon Consumer Prod. Corp.*, No. 14-CV-2484 JS AKT, 2015 WL 2344134, at *3 (E.D.N.Y. May 14, 2015).

### 4.   Plaintiff's Claims Are Time-Limited by Statute

Plaintiff's two proposed classes include "[a]ll consumers who purchased the Products within the State of New York" and "[a]ll consumers who purchased the Products in California, Florida, Illinois, Massachusetts, Michigan, New Jersey, New York, North Carolina, Ohio, and Washington." (Dkt. # 1, ¶¶ 18-19.) Neither class is delimited in time, and the Complaint makes no mention of any state statutes of limitations. New York's Business Law, however, contains a three-year statute of limitations that bars most of Plaintiff's proposed class claims in Counts I and II. *Gristede's Foods, Inc. v. Unkechauge Nation*, 532 F.Supp.2d 439, 452 (E.D.N.Y. 2007) ("New York courts have uniformly applied a three-year statute of limitations to section 349 and section 350 cases.") Thus, Plaintiff's Complaint encompasses conduct that is time-barred under applicable statutes of limitation.

### C.   The Court Should Dismiss Plaintiff's Count III for Violation of State Consumer Protection Acts

Count III alleges that RFA Brands has violated "at least the following state consumer protection statutes", listing the laws of California, Florida, Illinois, Massachusetts, Michigan, New Jersey, New York, North Carolina, Ohio, and Washington. (Dkt. # 1, ¶ 49) (together, the "Consumer Protection Claims.")   The Court should dismiss the Consumer Protection Claims because they suffer numerous fatal and incurable defects.

As an initial matter, the Consumer Protection Claims should all be dismissed for failure to satisfy Fed. R. Civ. P. 8(a) pleading requirements because they do not set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."  Plaintiff makes no attempt to allege how RFA Brands alleged actions specifically violate any of the state statutes listed.  As a



result, RFA Brands is left to guess about which alleged practices, and which provisions of the law, are at issue for each state's law.

Contrary to Plaintiff's assertion (Dkt. #1, n. 1), material conflicts exist between the different state consumer protection statutes that preclude Plaintiff's attempt to make claims under a blanket theory that the statutes are substantially the same. *See, e.g.*, Cal. Civil Code § 1782 (requiring pre-suit notice); *Hummel v. Tamko Building Products, Inc.*, 303 F.Supp.3d 1288 (M.D. Fla. 2017) (each putative class action member must be exposed to defendant's advertising and marketing materials alleged to constitute a deceptive trade practice and plaintiffs must have suffered damage from such exposure); 815 Ill. Comp. Stat. Ann. § 505/2 (defendant must act with "intent that others rely" on the concealment of a material fact); Mass. Gen. Laws ch. 93A, § 9(3) (pre-suit notice required); N.J. Stat. Ann. § 56:8-11 (concealment of a material fact is a violation only if defendant has knowledge); *Dix. v. Am. Bankers Life Assurance Co.,* 415 N.W.2d 206 (Mich. 1987) (plaintiffs in a class action must prove that a reasonable person would have relied on the representations); *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 647 N.Y.S.2d 20 (N.Y. 1995) (plaintiff must show there is a public interest in order to prevail); *Bumpers v. Cmty. Bank*, 747 S.E.2d 220 (N.C. 2013) (plaintiffs must show reasonable reliance in order to demonstrate proximate causation); Ohio Rev. Code § 1345.092 (suppliers have specific right to cure defects); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531 (Wash. 1986) (plaintiff must show there is a public interest in order to prevail); MCL 445.902 (requires allegation that sale is for consumer, not business purposes.)  Plaintiff makes no attempt to give notice as to how the challenged conduct satisfies each state's particular statute.  All the Consumer Protection Claims should be dismissed on that basis.



**D.     Plaintiff's Count IV Breach of Express Warranty Claim Should Be Dismissed**

As a threshold matter, Plaintiff's Complaint is devoid of any reference indicating which jurisdiction's express warranty laws he relies upon for his argument, and the Court should dismiss Plaintiff's express warranty claim on this basis alone.  Moreover, Plaintiff has broadly alleged that RFA Brands breached its express warranty to the Plaintiff and the supposed class members and then supported its allegation with vague, conclusory statements. This is wholly insufficient. *East. Materials Corp. v. Mitsubishi Plastics Composites America, Inc.*, 207 F.Supp.3d 52, 63 (E.D.N.Y. 2018) (holding that there was "insufficient information to validly allege a breach of express warranty" when plaintiffs did not cite the applicable provision of the NY-UCC). Even if Plaintiff sufficiently articulated that he was bringing a claim under New York's law individually, however, Plaintiff has failed to allege that RFA Brands breached any express warranty to the Plaintiff.

NY UCC § 2-313 provides, in relevant part, that "[e]xpress warranties by seller are created" when there is "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise."  "To state a claim for breach of express warranty, a plaintiff must allege that 'there was an affirmation of fact or promise by the seller, the natural tendency of which was to induce the buyer to purchase and that the warranty was relied upon to the plaintiff's detriment.'" *Koenig v. Boulder Brands, Inc.*, 995 F.Supp.2d 274, 289 (S.D.N.Y. 2014) (citing *DiBartolo v. Abbott Labs.*, 914 F.Supp.2d 601, 625 (S.D.N.Y.2012)).  Privity is required to "assert a breach of warranty claim.": *Id.* at 290. The plaintiff bears the burden of proving that a defendant breached an express warranty. *Pronti v. DML of Elmira, Inc.*, 103 A.D.2d 916, 917 (1984).



Plaintiff has failed to articulate that RFA Brands made any affirmation of fact or promise. A plaintiff must provide evidence that defendant made an affirmation. *Kraft v. Staten Island Boat Sales, Inc.,* 715 F.Supp.2d 464, 475 (S.D.N.Y. 2010) (holding plaintiff did not sufficiently support its express warranty allegation when plaintiff failed to provide evidence that defendant made affirmation beyond plaintiff's own argument).  Plaintiff has merely made the conclusory allegation that Defendant made affirmations of fact to Plaintiff. (Dkt. # 1, ¶ 12.)  Plaintiff provided no indication regarding which specific product's warranty RFA Brands allegedly breached, nor has he even indicated which model of product he purchased. Plaintiff, like the plaintiff in *Kraft,* has provided no evidence that RFA Brands made any affirmation of fact. 715 F.Supp.2d at 475.

Plaintiff further failed to establish that he relied on RFA Brands' alleged statements to his own detriment.  As previously articulated, Plaintiff lacks standing to bring this claim because he has not been injured.  Plaintiff fails to allege that the power bank he purchased was in any way defective.  Instead, Plaintiff argues that *another* power bank was defective.  Plaintiff has failed to establish that he suffered in any way, shape, or form by any breach of warranty by Defendant.

Finally, Plaintiff failed to adequately allege that he is in privity with RFA Brands. "Privity is an essential element…in order for a buyer to reach through the claim of distribution to a manufacturer." *Ebin v. Kadgadis Food Inc.*, 2013 WL 6504547, at *6 (S.D.N.Y. 2013) (specifically distinguishing New York law from other jurisdictions that have eliminated the privity element that makes it easier to reach a manufacturer) (quotation marks omitted).  Plaintiff failed to establish that privity exists between Plaintiff and RFA Brands.  Plaintiff failed to allege information regarding where he acquired his Power Bank and from what seller, other than that it was purchased in the state of New York.  This is identical to the plaintiffs in *Koenig* who "merely allege[d] that they purchased Defendants' products in the state of New York, but do not specify



where, or from whom." 955 F.Supp.2d at 290.  The *Koenig* court dismissed the plaintiffs' claims because they failed to allege privity with defendants. *Id.*  The Court should do the same here.

## E.     The Court Should Dismiss Plaintiffs' Count V - Unjust Enrichment Claim

Plaintiff's Count V for Unjust Enrichment fails for three independent reasons: (1) plaintiff failed to allege which state law is at issue, (2) plaintiff did not allege that he purchased product directly from RFA Brands, and (3) the claim is duplicative of his breach of warranty/contract and tort claims for which he has an adequate remedy at law.

### 1.     Plaintiff Fails to Identify the State Law at Issue

Plaintiff's unjust enrichment allegations fail to identify the state law(s) that gives rise to the claims, if any. (Dkt. # 1, Count V.)  Such a defect by itself requires dismissal of Plaintiff's claim. *In re Refrigerant Compressors Antitrust Litig.*, 2013 WL 1431756, at *24 (E.D. Mich. Apr. 9, 2013) (dismissing plaintiffs' complaint, reasoning that "[u]nless the [] Plaintiffs identify which state or states' laws they are asserting an unjust enrichment claim under, the Court cannot determine if they have sufficiently pleaded an unjust enrichment claim under any state's law."); *In re Packaged Ice Antitrust Litig.*, 779 F.Supp.2d at 667-68 (dismissing plaintiffs' complaint, reasoning that "the [complaint] fails to identify any specific state unjust enrichment law under which the [] Plaintiffs purport to proceed." In fact, unjust enrichment laws vary widely.  *See id.* at 667-69 ("State law requirements under unjust enrichment vary widely"); *Stalker v. MBS Direct, LLC*, 2012 WL 6642518, at *7 (E.D. Mich. Dec. 20, 2012) (same).

### 2.     Plaintiff Fails to Allege Facts to Support Any Claim That a Benefit Was Conferred on Defendant

As discussed above, Plaintiff did not purchase the product allegedly tested to demonstrate a battery capacity deficiency from RFA Brands. (Dkt. # 1, ¶ 16.)  Under the unjust enrichment law



of many states, Plaintiff must plead that he conferred a benefit directly on RFA Brands, as opposed to others in the chain of distribution. *In re Refrigerant Compressors Antitrust Litig.*, No. 2:09-MD-02042, 2013 WL 1431756, at *25-26 (E.D. Mich. Apr. 9, 2013) ("because the [] Plaintiffs cannot allege that they conferred a benefit directly on Defendants. Any benefit that the [] Plaintiffs conferred would be on others in the chain of distribution from whom they purchased, not on Defendants. Only the direct purchasers conferred a direct benefit on Defendants by paying Defendants . . ."); *In re Aftermarket Filters Antitrust Litig.*, 2010 U.S. Dist. LEXIS 32652, 2010 WL 1416259 (N.D. Ill. Apr. 1, 2010); *Los Gatos Mercantile, Inc. v. E.I. Dupont De Nemours & Co.*, 2015 U.S. Dist. LEXIS 106292 at *95-96 (N.D. Cal., August 11, 2015).

### 3. Plaintiff's Claim Is Duplicative of His Breach of Warranty/Contract and Tort Claims for Which He Has an Adequate Legal Remedy

Plaintiff's claim for unjust enrichment is also deficient because he has an adequate remedy at law.  Unjust enrichment is an equitable remedy for a contract implied in law, or quasi-contract, and applies only "'to provide a remedy where one party was unjustly enrichment [and] where that party received a benefit under circumstances that made it unjust to retain it without giving compensation.'"  *Ocean Commc'ns, Inc. v. Burbeck*, 956 So.2d 1222, 1224 (Fla. Dist. Ct. App. 2007) (citation omitted).  Because it is an equitable remedy, unjust enrichment is "not available where there is an adequate legal remedy." *Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc.,* 390 F.Supp.2d 1170, 1178 (M.D. Fla 2005).

Here Plaintiff alleges causes of action in tort (Counts III-III) and breach of contract/warranty (Count IV), for which he alleges to have a remedy at law.  Plaintiff's unjust enrichment claim fails as it "is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable



obligation running from the defendant to the plaintiff.'" *Buonasera*, 208 F.Supp.3d at 567 (quoting *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777 (N.Y. 2012)). If a plaintiff is simply restating a contract or tort claim, then unjust enrichment is not available. *Id. See also Mahoney v. Endo Health Sols., Inc.*, 2016 WL 3951185, at *11 (S.D.N.Y. July 20, 2016) ("'[U]njust enrichment is not a catchall cause of action' and it 'is not available where it simply duplicates, or replaces, a conventional contract or tort claim.'") (modification supplied; *Koenig,* 995 F.Supp.2d at 290 ("Yet, an unjust enrichment claim cannot survive 'where it simply duplicates, or replaces, a conventional contract or tort claim.'") (citation omitted). Here, Plaintiff's unjust enrichment claim is duplicative of both his express warranty and consumer protection claims.  As such, Plaintiff's unjust enrichment claim should be dismissed as duplicative.

## V.   CONCLUSION

Based on the foregoing, RFA Brands respectfully requests that the Court grant its Motion and dismiss Plaintiff's Complaint in its entirety with prejudice pursuant to Fed. R. Civ. P. 9(b), 12(b)(1), and 12(b)(6).

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td>Date: <u>January 4, 2019</u></td><td><u>/s/ Rebecca J. Cantor</u></td></tr>
<tr><td></td><td>Rebecca J. Cantor (NY Bar 4698130)</td></tr>
<tr><td></td><td>Mark A. Cantor (MI Bar P32661)</td></tr>
<tr><td></td><td>Thomas W. Cunningham (MI Bar P57899)</td></tr>
<tr><td></td><td>Matthew M. Jakubowski (MI Bar P63194)</td></tr>
<tr><td></td><td>**BROOKS KUSHMAN P.C.**</td></tr>
<tr><td></td><td>1000 Town Center, 22nd Floor</td></tr>
<tr><td></td><td>Southfield, MI  48075</td></tr>
<tr><td></td><td>Telephone: (248) 358-4400 / Fax: (248) 358-3351</td></tr>
<tr><td></td><td>rcantor@brookskushman.com</td></tr>
<tr><td></td><td>mcantor@brookskushman.com</td></tr>
<tr><td></td><td>tcunningham@brookskushman.com</td></tr>
<tr><td></td><td>mjakubowski@brookskushman.com</td></tr>
<tr><td></td><td>*Attorneys for Defendant*</td></tr>
</table>



## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on <u>January 4, 2019</u>, I electronically filed the foregoing **DEFENDANT RFA BRANDS, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT** with the Clerk of the Court for the Western District of New York using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

**BROOKS KUSHMAN P.C.**

 /s/ Rebecca J. Cantor
Rebecca J. Cantor (NY Bar 4698130)
Mark A. Cantor (MI Bar P32661)
Thomas W. Cunningham (MI Bar P57899)
Matthew M. Jakubowski (MI Bar P63194)
1000 Town Center, 22nd Floor
Southfield, MI  48075
Telephone: (248) 358-4400 / Fax: (248) 358-3351
Email:  rcantor@brookskushman.com
mcantor@brookskushman.com
tcunningham@brookskushman.com
mjakubowski@brookskushman.com

*Attorneys for Defendant*

