**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

MARK MANCUSO, on behalf of himself and all others similarly situated,

Plaintiff,

-against-

RFA BRANDS, LLC, d/b/a MYCHARGE,

Defendant.

Civil Action No. 6:18-cv-06807-DGL

CLASS ACTION

# DEFENDANT RFA BRANDS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT



## TABLE OF CONTENTS

I. REPLY ..... 1

A. Plaintiff Failed To Plead A Facially Plausible Injury In Fact Because His Claim Of A Reduced Battery Capacity Of The Power Bank He Purchased Is Not Plausible, But Based On Speculation ..... 1

1. Plaintiff Offers Only Pure Speculation That *His* Power Bank, Did Not Have The Represented Capacity ..... 2

2. Plaintiff Offers Only Pure Speculation That *Defendants' Other Power Bank Models* Did Not Have The Represented Capacity ..... 3

3. The Case Law Supports Dismissal ..... 3

B. Plaintiff Failed To Plead A Facially Plausible Injury In Fact Because His Conclusory Allegation That He Paid A "Price Premium" Is Not Supported By Any Factual Allegations ..... 5

C. Plaintiff's Consumer Protection Claims Were Not Adequately Pled ..... 7

D. Plaintiff's Breach of Express Warranty Claim Should Be Dismissed ..... 8

E. Plaintiff's Unjust Enrichment Claim Should Be Dismissed ..... 9



# TABLE OF AUTHORITIES

## Cases

*Ackerman v. Coca-Cola Co.*,
No. 09-0395, 2010 WL 2925955 (E.D.N.Y. July 21, 2010) ... 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955 (2007) ... 2, 6

*Bledsoe v. FCA US LLC*,
307 F.Supp.3d 646 (E.D. Mich. 2018) ... 2, 3

*Briehl v. General Motors*,
172 F.3d 623 (8th Cir. 1999) ... 4

*Chavis v. Chappius*,
618 F.3d 162 (2nd Cir. 2010) ... 7

*Clay v. Cytosport, Inc.*,
2015 WL 5007884 (S.D. Cal. Aug. 19, 2015) ... 5

*Donnenfeld v. Petro. Inc.*,
333 F.Supp.3d 208 (E.D.N.Y. 2018) ... 8

*Ebin v. Kangadis Food Inc.*,
2013 U.S. Dist. LEXIS 174174 (S.D.N.Y. Dec. 9, 2013) ... 9

*Estrada v. J & J*,
2017 WL 2999026 (D.N.J. July 14, 2017) ... 6

*Glick Leasing, Inc. v. Petzold, Inc.*,
858 N.Y.S.2d 405 (3d Dep't 2008) ... 9

*Goldemberg v. J & J Cons. Cos., Inc.*,
8 F.Supp.3d 467 (S.D.N.Y 2014) ... 9

*Gonzalez v. Costco Wholesale Corp.*,
2018 U.S. Dist. LEXIS 171000 (E.D.N.Y. Sept. 29, 2018) ... 8

*Held v. AAA Southern New England*,
2012 WL 4023367 (D. Conn. Sept. 2012) ... 8

*Holve v. McCormick & Co.*,
334 F.Supp.3d 535 (E.D.N.Y. 2018) ... 3



*In re Frito-Lay N. Am., Inc.*,
2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013) ... 3

*In re Refrigerant Compressors Antitrust Litig.*,
2013 WL 1431756 (E.D. Mich. Apr. 9, 2013) ... 9

*In re Skat Tax Refund Scheme Litig*.,
2019 U.S. Dist. LEXIS 4360 (S.D.N.Y. Jan. 9, 2019) ... 10

*Koenig v. Boulder Brands, Inc.*,
995 F.Supp.2d 274 (S.D.N.Y. 2014) ... 8

*Landtek Group, Inc. v. N. Am. Specialty Flooring, Inc.*,
2016 U.S. Dist. LEXIS 107945 (E.D.N.Y. Aug. 12, 2016) ... 9

*Lassen v. Nissan N. Am., Inc.*,
211 F.Supp.3d 1267 (C.D. Cal. 2016) ... 6

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co*.,
693 F.3d 145 (2nd Cir. 2012) ... 3

*O'Neil v. Simplicity*,
172 F.3d 623 (8th Cir. 1999) ... 4

*Ramirez v. STi Prepaid LLC*,
644 F.Supp.2d 496 (D.N.J. 2009) ... 8

*Randy Knitwear, Inc. v. Am. Cyanamid Co.,*
11 N.Y.2d 5, 226 N.Y.S.2d 363, 181 N.E.2d 399 (1962) ... 9

*Sitt v. Nature's Bounty, Inc*.,
2016 U.S. Dist. LEXIS 131564 (E.D.N.Y. Sept. 26, 2016) ... 10

*Smith v. Allmax Nutrition, Inc*.,
2015 U.S. Dist. LEXIS 171897 (E.D. Cal. Dec. 24, 2015) ... 5

*Steinberg v. Nationwide Mut. Ins*.,
224 F.R.D. 67 (E.D.N.Y. 2004) ... 8

*Webb v. Dr. Pepper Snapple Group, Inc*.,
2018 WL 1955422 (W.D. Mo. Apr. 25, 2018) ... 5

*Zapata Fonseca v. Goya Foods Inc.,*
2016 WL 4698942 (N.D. Cal. Sept. 8, 2016) ... 4, 5



## Rules

Fed. R. Civ. P. 9 ........ 10
Fed. R. Civ. P. 12 ........ 10



# I. REPLY

In his response, Plaintiff for the first time provides detail about his purchase of the product at issue (although still refusing to identify the model). Plaintiff describes that he purchased the product through Amazon and that the product purchased was an ***Anker*** brand product – ***which is not an RFA Brands' Power Bank.*** He states:

> Here, while Amazon may have acted as an intermediary in the transaction, it is Defendant that received Plaintiff's payment ... Amazon does not buy ***Anker*** products which it then sells to consumers; Defendant only gets paid upon the completion of the sale, and that is a direct benefit to Defendant.

Br. at 22 (emphasis added.) Because Plaintiff bought and/or tested an ***Anker*** product, rather than Defendant's products, he clearly lacks standing to assert claims against Defendant. For this reason alone, his Complaint should be dismissed. Notwithstanding, Plaintiff's Complaint should also be dismissed for the reasons set forth in Defendant's Opening Motion and Brief, and below.

## A. Plaintiff Failed To Plead A Facially Plausible Injury In Fact Because His Claim Of A Reduced Battery Capacity Of The Power Bank He Purchased Is Not Plausible, But Based On Speculation

It is undisputed that Plaintiff never tested the capacity of the Power Bank he purchased. It is also undisputed that he never tested the capacity of the dozens of Defendant's other Power Banks. He instead asks this Court to assume that because he tested a single, unidentified Power Bank, in an unknown condition, under unknown testing conditions, which allegedly had a storage capacity less than represented, that every Power Bank ever marketed by Defendant, including his own untested Power Bank, also has a storage capacity less than represented. Plaintiff's brief repeatedly emphasizes that he only needs to allege facts stating a "plausible" claim for relief. However, the allegations in his complaint fail miserably to meet that standard. Plaintiff offers no link between the allegedly deficient Power Bank and his own untested Power Bank, instead relying on pure speculation. Plaintiff's complaint should therefore be dismissed.



### 1. Plaintiff Offers Only Pure Speculation That *His* Power Bank, Did Not Have The Represented Capacity

Plaintiff admits that he is required to state a claim that is "plausible on its face." Br. 3. He further points out that he need not establish that the claim is probable. *Id.* Plaintiff, however, fails to grasp that "factual allegations must be enough to raise a right to relief ***above the speculative level*** ..." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (emphasis added.) Plaintiff's allegation that his Power Bank had a lower capacity than represented, without ever testing it, amounts to pure speculation and thus, falls far short of the plausibility standard.

Plaintiff concedes that the only way his complaint can survive RFA Brands' motion to dismiss is for this Court to infer that the alleged storage capacity of the one Power Bank that he had tested necessarily has the same "alleged" reduced capacity as all Defendants' Power Banks, including the one he purchased. Yet, Plaintiff pleads no facts to render such an inference plausible.

Indeed, the void of detail in the allegations illustrates the implausibility. What model was tested? What was the date of purchase and/or manufacture of the tested Power Bank? Was it purchased and tested near the time of purchase of Plaintiff's Power Bank? Was plaintiff's Power Bank tested right when purchased? How often was it charged/discharged before tested? Do Power Banks lose capacity over time and/or the more they are charged/discharged? Are there different methods of testing capacity (e.g., through USB output or by directly testing the battery)? Did the Power Bank tested have an individual defect? Would testing more Power Banks give a different result? Plaintiff's complaint fails to address these questions. But the answers are necessary to lift the purported link between Plaintiff's Power Bank and the exemplar tested out of the realm of mere speculation and permit a reasonable inference that plaintiff is entitled to relief. See *Bledsoe v. FCA US LLC*, 307 F.Supp.3d 646, 654 (E.D. Mich. 2018). Because Plaintiff failed to plead any plausible injury in fact, he lacks standing and his claims should be dismissed.



### 2. Plaintiff Offers Only Pure Speculation That *Defendants' Other Power Bank Models* Did Not Have The Represented Capacity

Plaintiff's allegations that other models of Defendants' Power Banks also exhibit a lower capacity than represented is equally, if not more speculative. In addition to the unanswered questions above, the following questions need to be answered to provide the link between the tested Power Bank and Defendant's other Power Bank models: Do all models have the same battery chemistry? Were they manufactured in the same manner? Were they manufactured in the same factory? Are there visible mAh "capacity" representations made on every model?

Plaintiff's response essentially ignores Defendants' other Power Bank models. Just like his own Power Bank, Plaintiff's allegations do not permit any "reasonable inference" that these Power Banks models have a capacity less than represented. *Holve v. McCormick & Co*., 334 F.Supp.3d 535, 548 (E.D.N.Y. 2018) (Because "[t]here are no specific allegations regarding the purchase of [] the Other Products ..., Plaintiff has failed to establish a causal connection between the Other Products and her injuries."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co*., 693 F.3d 145, 158 (2nd Cir. 2012) (finding that the plaintiff "clearly lack[ed] standing to assert claims on its behalf" for products it did not purchase); *In re Frito-Lay N. Am., Inc*., 2013 WL 4647512, at *11 (E.D.N.Y. Aug. 29, 2013) (plaintiffs lacked standing to bring claims on their own behalf "arising out of products that they themselves did not purchase.") Thus, this Court should also dismiss Plaintiff's claims with respect to other models of RFA Brands' Power Banks.

### 3. The Case Law Supports Dismissal

Plaintiff failed to distinguish Defendant's cited cases, which are on point. Plaintiff is wrong that *Bledsoe v. FCA US LLC*, 307 F.Supp.3d 646 (E.D. Mich. 2018) is inapplicable because the court held that the results of testing an exemplar automobile did not demonstrate a defect even in the exemplar. (Br. at 7.). Indeed, *Bledsoe* made clear that although the allegations "may be



accepted for the factual proposition that the *tested* vehicle" was defective, the complaint must nevertheless be dismissed because "plaintiffs offer no well-pleaded factual content for the court to accept as true that [plaintiffs' vehicles] are subject to the same performance characteristics as those observed in the tested vehicle." *Id.* at 657 (emphasis in original). Critically, the "results from one tested [product] 'do not permit the court to infer more than the mere possibility''" that the Plaintiff's products performed as pled. *Id.* (quoting *Iqbal*, 55 U.S. at 679.)

Plaintiff also attempts to distinguish *O'Neil v. Simplicity*, 172 F.3d 623, 626 (8th Cir. 1999), asserting the case only "stood for the proposition that a plaintiff cannot bring a claim for a design defect that has not manifested in the plaintiff's product." (Br. at 8.) But that is precisely the point. The *O'Neil* court rejected plaintiff's claim, which attempted to allege that because testing showed there was a defect in similar products, there must also be a defect in his product. 574 F.3d at 504. Indeed, the *O'Neil* court explicitly rejected the very theory Plaintiff relies upon here, holding that absent plausible allegations demonstrating that the product "exhibited the alleged defect, they have necessarily received the benefit of their bargain." *Id.*; see also *Briehl v. General Motors*, 172 F.3d 623, 628 (8th Cir. 1999) (affirming dismissal where "Plaintiffs have failed to allege any manifest defect and their vehicles perform in a satisfactory manner.")

Absent allegations demonstrating that a plaintiff's purchased products, as opposed to the "product lines," are defective, courts recognize that any claims of injury "are simply too speculative [] to go forward." *Briehl*, 172 F.3d at 629. Here, Plaintiff's bare allegation that his own Power Bank might have a reduced capacity simply because one other Power Bank has a reduced capacity is "simply too speculative to allow this case to go forward." *Id.*

Plaintiff cites numerous cases, however, none relevant to the facts here. In *Zapata Fonseca v. Goya Foods Inc.*, contrary to this case, the court found the pleading supported that plaintiff



had both *purchased and tested all four products at issue*. 2016 WL 4698942, at *10, 16 (N.D. Cal. Sept. 8, 2016). The issue there was defendant's argument, denied by the Court, that plaintiff was required to plead that the exemplar products were tested pursuant to FDA requirements, which mandate the testing of twelve (12) samples. *Id.* at 5. Moreover, the nature of the product was much different. Thus, even if the exemplar tested was not plaintiff's product, the testing demonstrated that a product represented to be octopus was in fact squid; so, unlike the testing here, there was no reason to believe that would vary among exemplars. *Id.* at 5.

In *Webb v. Dr. Pepper Snapple Group, Inc.*, again, there was no assertion that Plaintiff failed to test the purchased product. 2018 WL 1955422, *3 (W.D. Mo. Apr. 25, 2018). Moreover, the testing demonstrated that the "ginger ale" at issue contained no ginger at all; again, there was no reason to believe some cans of ginger ale contained ginger and others did not. *Id.*

In *Smith v. Allmax Nutrition, Inc.*, unlike here, the claims were not based on the testing of a product Plaintiff did not purchase and extrapolated to one he did. 2015 U.S. Dist. LEXIS 171897, *15-16, 22 (E.D. Cal. Dec. 24, 2015.) Moreover, in both *Smith* and *Clay v. Cytosport, Inc.*, 2015 WL 5007884, at *2-3 (S.D. Cal. Aug. 19, 2015), the issue was the same as in *Zapata* -- whether plaintiff's testing met FDA guidelines. Moreover, both *Smith* and *Clay* involved allegations that the dietary supplement products at issue were represented to contain ingredients they simply did not have; there was no allegation that some of the products had the ingredients and others did not. *Smith*, 2015 WL 9434768 at *1-7; *Clay*, 2015 WL 5007884, at *2-3. As such, Plaintiff's cases do not support its assertion that it "plausibly" pled that the capacity of it untested Power Bank is deficient, based on the single test of a Power Bank it did not purchase.

### B. Plaintiff Failed To Plead A Facially Plausible Injury In Fact Because His Conclusory Allegation That He Paid A "Price Premium" Is Not Supported By Any Factual Allegations

Plaintiff's alleged overpayment of a "price premium" is unsupported by any plausible



factual allegations. Indeed, the Complaint lacks any *facts* supporting the assertion that RFA Brands' products were more expensive based solely on representations as to mAh capacity. Plaintiff does not dispute this; he instead asserts that his "general allegation" that he paid a price premium, without supporting facts, is adequate. Br. at 9. Plaintiff's assertion is contrary to *Twombly/Iqbal*. *Lassen v. Nissan N. Am., Inc.*, 211 F.Supp.3d 1267, 1280 (C.D. Cal. 2016) ("both overpayment and diminution in value are theoretically cognizable injuries-in-fact … [b]ut, a plaintiff must still plead facts sufficient to establish these injuries-in-fact."); *Estrada v. J & J*, 2017 WL 2999026, at *15 (D.N.J. July 14, 2017) (dismissing complaint that failed to "set forth any comparable, cheaper products to demonstrate [product] was [] sold at a premium price.)

Plaintiff cites numerous cases he asserts stand for the proposition that generally pleading payment of a price premium, without supporting facts, satisfies the *Twombly/Iqbal* standard. Contrary to Plaintiff's assertions, these cases do not support his proposition.

Indeed, in Plaintiff's cases, the complaint allegations contained significantly more detail to support a "price premium" than alleged here. In *Kacocha v. Nestle Purina Petcare Co*., No. 15-cv-05489 (S.D.N.Y.), the plaintiffs specifically pled that the price premium was the price paid for the "Beggin' dog treat products [represented as having real bacon] over the price "for other products containing the same or similar ingredients." (Ex. A, Kachoca Compl., ¶40.) In *Weisblum v. Prophase Labs*., Inc., No. 15-cv-05489 (S.D.N.Y.), the plaintiff provided supporting allegations that the premium was "the amount of the purchase price of the [products], i.e., the difference in value between the [products] as advertised and the [products] as actually sold. Because the [products] are ineffective, they are totally worthless." (Ex. B, Weisblum Compl., ¶45.) See also, *Stoltz v. Fage Dairy Proc. Indus.,* No. 14-cv-03826 (E.D.N.Y.) (Ex. C, Stolz Compl., ¶¶35-37.) (providing specific pricing information to support premium and calculating a "325% price



premium over a competing brand."); *Paulino v. Conopco*, No. 14-cv-05145 (E.D.N.Y.) (Ex. D, Paulino Compl. ¶54) (plaintiff asserted misrepresentation that product had "all natural" ingredients, when it had no natural ingredients, and the premium was the entire price of product.) *Ackerman v. Coca-Cola Co*., No. 09-0395, 2010 WL 2925955, at *22 (E.D.N.Y. July 21, 2010) (Plaintiff alleged "[d]efendants command a premium price for VitaminWater by distinguishing it from soft drinks," and as an equivalent to water with only additional unhealthy nutrients.)

### C. Plaintiff's Consumer Protection Claims Were Not Adequately Pled

Defendant asserted in its Opening Brief that Plaintiff failed to allege in ***Counts I and II*** (the NY GBL claims) that a reasonable consumer would be likely to be misled. In response, Plaintiff ignored Counts I and II and solely identified an allegation in ***Count III*** (¶43). The cited allegation merely recites the claim element: "RFA Brands' representations regarding the capacity of the Products were material to a reasonable consumer ... ." However, "threadbare recitals of the elements of a cause of action" do not meet the pleading standard. *Chavis v. Chappius*, 618 F.3d 162, 170 (2nd Cir. 2010). For these reasons, Counts I and II should be dismissed.

Plaintiff's Count III, alleging violation of ten state Consumer Protection Statutes, should be dismissed because Plaintiff did not specifically allege how **<u>each</u>** statute was violated. Although there are requirements unique to each state statute, Plaintiff pled them as if a single statute.

Plaintiff instead asserts that pleading a lack of material conflicts in the statutes in enough to meet each statute's pleading requirements. Br. at 17. Plaintiff is wrong. Merely stating three, allegedly common characteristics of the statutes does not mean they do not conflict. Moreover, as detailed in Defendants' opening brief, many of these statutes have unique elements, which must be pled to adequately state a claim. (Pl. Br. at 20.) Plaintiff does not dispute the additional elements, only his requirement to plead them, since he pled the statutes have no conflicts.



Plaintiff cases are inapplicable. They address either standing or class certification of claims for multiple state consumer protection statutes, not pleading adequacy, and thus, do not support his case. *Donnenfeld v. Petro, Inc.*, 333 F.Supp.3d 208, 225 (E.D.N.Y. 2018) (challenging standing, not pleading adequacy); *Ramirez v. STi Prepaid LLC*, 644 F.Supp.2d 496 (D.N.J. 2009) (same); *Steinberg v. Nationwide Mut. Ins*., 224 F.R.D. 67, 77-79 (E.D.N.Y. 2004) (addressing certification, not pleading adequacy); *Held v. AAA Southern New England*, 2012 WL 4023367 (D. Conn. Sept. 2012) (same).

### D. Plaintiff's Breach of Express Warranty Claim Should Be Dismissed

Plaintiff also asserts that he has adequately pled an "affirmation of fact" in support of his warranty claim by alleging some unnamed product represented a capacity of 3,000 mAh, and that this affirmation was false. The law requires more than bare unsupported allegations. "To state a claim for breach of express warranty, a plaintiff must allege that there was an affirmation of fact or promise by the seller, the natural tendency of which was to induce the buyer to purchase and that the warranty was relied upon to the plaintiff's detriment." *Koenig v. Boulder Brands, Inc.*, 995 F.Supp.2d 274, 289 (S.D.N.Y. 2014) (citation omitted.) Critically, Plaintiff never identifies the product, nor does he specifically state that the "affirmation" was on the product packaging. See Doc. No. 1, ¶9. Without an identification of the product, the context of the "affirmation of fact" in thus unknown. "When determining whether an express warranty has been made, courts consider the context of the statement, including, among other things, the content on the label." *Gonzalez v. Costco Wholesale Corp*., 2018 U.S. Dist. LEXIS 171000, *25 (E.D.N.Y. Sept. 29, 2018). Plaintiff's lack of particularity fails to adequately state a claim for breach of warranty.

Plaintiff warranty claim is also defective for failure to allege privity with RFA Brands. Plaintiff does not dispute that privity was not plead. Br. 20-21. He instead asserts that "a remote purchaser that relies on a manufacturers' express warranty claim need not be in direct privity with



that manufacturer." *Id.* That is contrary to black-letter New York law. *Ebin v. Kangadis Food Inc.*, 2013 U.S. Dist. LEXIS 174174 at *15-16 (S.D.N.Y, December 9, 2013) ("[u]nder New York law, [p]rivity is normally an essential element of a cause of action for express warranty.")

Plaintiff instead relies on *Randy Knitwear, Inc. v. Am. Cyanamid Co.,* 11 N.Y.2d 5, 14, 226 N.Y.S.2d 363, 181 N.E.2d 399 (1962). However, *Knitwear* was displaced by the NY-UCC:

> Further, to the extent Plaintiff relies on the pre-U.C.C. case of [*Knitwear*] for the proposition that a breach of warranty claim may lie even in the absence of privity, ... such reliance is misplaced since "Randy Knitwear preceded the enactment of the UCC, which displaced it."

*Landtek Group, Inc. v. N. Am. Specialty Flooring, Inc.*, 2016 U.S. Dist. LEXIS 107945 (E.D.N.Y. Aug. 12, 2016) (dismissing warranty claim); *Ebin*, 2013 U.S. Dist. LEXIS 174174 (S.D.N.Y. Dec. 9, 2013) (same). In addition to *Knitwear*, plaintiff cites two additional outlier cases: *Glick Leasing, Inc. v. Petzold, Inc.,* 858 N.Y.S.2d 405 (3d Dep't 2008) and *Goldemberg v. J & J Cons. Cos., Inc.*, 8 F.Supp.3d 467, 481-82 (S.D.N.Y 2014). However, *Glick* relies on *Knitwear* for the proposition that privity is not required and *Goldemberg* relies on both *Knitwear* and *Glick*. Plaintiff's breach of warranty claim should be dismissed for lack of privity.

### E. Plaintiff's Unjust Enrichment Claim Should Be Dismissed

Plaintiff offers nothing in its response brief to save its unjust enrichment claim from dismissal. It should be dismissed for two independent reasons: (1) Plaintiff did not adequately plead, as required, that he conferred a benefit on Defendant, and (2) it is undisputed that the unjust enrichment claim is duplicative of Plaintiff's warranty and tort claims.

Plaintiff failed to plead that he conferred a benefit directly on RFA Brands, as opposed to others in the chain of distribution – a requirement of unjust enrichment law. *In re Refrigerant Compressors Antitrust Litig.*, 2013 WL 1431756, at *25-26 (E.D. Mich. Apr. 9, 2013).

Plaintiff asserts that in Defendant's cited cases, the plaintiffs bought the product from a



retailor, who had purchased it from defendant. In regard to his purchase, however, he asserts:

> while Amazon may have acted as an intermediary in the transaction, it is Defendant that received Plaintiff's payment minus whatever commission Amazon charges. In other words, Amazon does not buy Anker products which it then sells to consumers; Defendant only gets paid upon the completion of the sale, and that is a direct benefit to Defendant. Indeed, *Los Gatos Mercantile, Inc v. E.I. DuPont De Nemours & Co*. [] holds that "rout[ing] a payment to Defendants through third parties" is a form of direct benefit, and that is exactly what Defendant uses Amazon to do.

Br. at 22. First, as discussed above, this confirms plaintiff has no standing because ***RFA Brands does not make or sell the Anker brand***. Notwithstanding, none of these stated facts were pled; they appear nowhere in the Complaint. The fact that Plaintiff relies on them to state a claim now is a concession that they are necessary. Thus, the claim should be dismissed.

Finally, Plaintiff's unjust enrichment claim should also be dismissed as duplicative of both his warranty and tort claims. Plaintiff does not dispute this duplicity but instead asserts that, under FRCP 8(d), he "is entitled to plead unjust enrichment as an alternative theory of liability." Br. 22. Plaintiff misunderstands the law – alternative claims can survive, duplicative claims cannot.

> A plaintiff may not plead the same claim more than once, which would constitute a duplicative claim, but may plead claims that provide alternative bases for relief. A claim is alternative and not duplicative if a plaintiff may fail on one but still prevail on the other. However, if the fraud and unjust enrichment claims rest on the same facts and the plaintiff prevails on the fraud claim, then the unjust enrichment claim becomes duplicative.

*In re Skat Tax Refund Scheme Litig*., 2019 U.S. Dist. LEXIS 4360 at *42-43 (S.D.N.Y. Jan. 9, 2019); *Sitt v. Nature's Bounty, Inc*., 2016 U.S. Dist. LEXIS 131564 at *18 (E.D.N.Y. Sept. 26, 2016) (dismissing unjust enrichment claim as duplicative of plaintiff's GBL § 349 and warranty claims).

Based on the foregoing, RFA Brands respectfully requests that the Court grant its Motion and dismiss Plaintiff's Complaint in its entirety with prejudice pursuant to Fed. R. Civ. P. 9(b), 12(b)(1), and 12(b)(6).



Respectfully submitted,

Date: February 20, 2019

/s/ Thomas W. Cunningham

Mark A. Cantor (MI Bar P32661)
Thomas W. Cunningham (MI Bar P57899)
Matthew M. Jakubowski (MI Bar P63194)
Rebecca J. Cantor (NY Bar 4698130)
**BROOKS KUSHMAN P.C.**
1000 Town Center, 22nd Floor
Southfield, MI 48075
Telephone: (248) 358-4400 / Fax: (248) 358-3351
mcantor@brookskushman.com
tcunningham@brookskushman.com
mjakubowski@brookskushman.com
rcantor@brookskushman.com

*Attorneys for Defendant*



**CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that on February 20, 2019, I electronically filed the foregoing **DEFENDANT RFA BRANDS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT** with the Clerk of the Court for the Western District of New York using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

**BROOKS KUSHMAN P.C.**

/s/ Thomas W. Cunningham

Mark A. Cantor (MI Bar P32661)
Thomas W. Cunningham (MI Bar P57899)
Matthew M. Jakubowski (MI Bar P63194)
Rebecca J. Cantor (NY Bar 4698130)
1000 Town Center, 22nd Floor
Southfield, MI 48075
Telephone: (248) 358-4400 / Fax: (248) 358-3351
mcantor@brookskushman.com
tcunningham@brookskushman.com
mjakubowski@brookskushman.com
rcantor@brookskushman.com

*Attorneys for Defendant*

