UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────────────────

MARK MANCUSO, on behalf of himself
and all others similarly situated,

         Plaintiff,

         v.

RFA BRANDS, LLC, d/b/a MYCHARGE,

         Defendant.

─────────────────────────────────────────────

DECISION AND ORDER

18-CV-6807L

    Plaintiff, on behalf of himself and a putative class of individuals, brings this action against RFA Brands, LLC , d/b/a MyCharge ("defendant").  Plaintiff alleges that defendant marketed a portable battery charger, or power bank, which lacked the advertised capacity, and asserts claims for violation of applicable consumer protection statutes, breach of express warranty, and unjust enrichment.

    Defendant now moves to dismiss the complaint for lack of standing, failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6), and failure to plead with particularity pursuant to Fed. R. Civ. Proc 8.   (Dkt. #9).   For the reasons that follow, that motion is granted in part, and denied in part.

**FACTUAL BACKGROUND**

    Plaintiff alleges that he purchased a portable battery charger, or power bank, manufactured by defendant.  Although the complaint does not specify the model of the power bank plaintiff purchased, plaintiff states that the power bank was represented by defendant, via the product packaging, to have a capacity of 3,000 milliampere-hours ("mAh").   Plaintiff alleges that he paid

a "premium" price for the power bank based on this representation, and that he later came to believe, through testing of a different power bank of the same model, that the power bank he had purchased had a significantly lower capacity than the packaging indicated. Plaintiff claims that he would not have purchased the power bank had he known the capacity was less than advertised, and purports to bring a class action on behalf of a multi-state class representing consumers from California, Florida, Illinois, Massachusetts, Michigan, New Jersey, New York, North Carolina, Ohio and Washington, with a New York state-specific subclass comprised of consumers who purchased defendant's power banks in New York State.

Plaintiff thereafter commenced the instant action, asserting causes of action for breach of express warranty, violation of N.Y. General Business Law §349 and §350 and the comparable consumer protection laws of 9 other states, and unjust enrichment. (Dkt. #1). The complaint requests, among other things, eventual certification as a class action, compensatory damages, and injunctive relief.

**DISCUSSION**

**I.      Relevant Standards**

In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court described the standard to be applied to a 12(b)(6) motion:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id*. at 555 (citations and internal quotations omitted).

When applying this standard, the Court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *See Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999), *cert. den.*, 531 U.S. 1052 (2000).

## II.      Article III Standing

Defendant first argues that plaintiff lacks standing to plead claims on behalf of the proposed classes of purchasers pursuant to Article III of the United States Constitution, which describes the limitations of federal court jurisdiction.   A plaintiff seeking to establish subject matter jurisdiction under Article III bears the burden to demonstrate its existence by a preponderance of the evidence.

Article III demands that plaintiffs plead facts showing a "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006).   Plausible pleading of an injury-in-fact is an essential element of standing: "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (citation omitted).

Defendant argues that plaintiff has failed to plead a "concrete and particularized injury" fairly traceable to defendant's conduct, because plaintiff's claimed injury – overpayment for a power bank that had a lower capacity than the packaging represented – rests on a single test of a power bank that was *not* the same one plaintiff purchased, but rather was a different power bank of the same model.   Defendant argues that because no testing was performed on plaintiff's own power bank and because plaintiff's claimed injury relies on speculative extrapolation of a single set of test results, plaintiff has failed to allege a plausible injury in fact.

Plaintiff's allegations surrounding the testing of the other power bank are, decidedly, vague: plaintiff does not identify the precise model of the power bank he purchased or the one that was tested, except to represent that they were the same. (Dkt. #1, Complaint at ¶16). Plaintiff does not specify the location where he purchased his power bank (other than to allege that it was in the state of New York), or identify the seller from which the purchase was made. He does not set forth what he paid, or the difference between what he actually paid and what he reasonably *would* have paid for a model with lower capacity. Plaintiff does not state when or where the tested power bank was purchased or for how much, or specify its condition (new or used). The company that performed the testing is not identified, nor are the conditions of the test described. Plaintiff alleges only that when the tested power bank was assessed, its capacity was found to be 1,902 mAh (less than 2/3 of the advertised capacity), and assumes that the power bank he had purchased, of the same make and model, had a similarly deficient capacity. *Id*.

At the pleading stage, however, more specific allegations are not necessary for Article III standing. A "quintessential injury-in-fact" can occur when plaintiffs allege that they "spent money that, absent defendant['s] actions, they would not have spent." *Rice-Sherman v. Big Heart Pet Brands, Inc.*, 2020 U.S. Dist. LEXIS 46197 at *16 (N.D. Cal. 2020) (quoting *Maya v. Centex Corp.*, 658 F.3d 1060, 1069 (9th Cir. 2011)). "And, although [plaintiff] may face an uphill battle in proving [his claims], in confirming its Article III jurisdiction at the pleading stage, the Court's task is to evaluate the allegations of injury in fact in [plaintiff's] complaint, not to predict the viability of [his] ultimate claim for damages." *In re Barclays Liquidity Cross & High Frequency Trading Litigation*, 390 F. Supp.3d 432, 445 (S.D.N.Y. 2019). Here, plaintiff has plausibly alleged that defendant made representations concerning the power bank's capacity, that plaintiff relied on the defendant's representations concerning the power bank's capacity in making his

purchase, that an exemplar of the same product was tested and found to have significantly less capacity than was represented, and that defendant's representations thus caused plaintiff to spend money he would not have spent had he known the power bank's actual capacity. Plaintiff's factual allegations may represent the bare minimum, but they are sufficient to plausibly allege the requisite elements of standing at this fledgling stage of the proceeding.

The Court therefore concludes that, construing the complaint in plaintiff's favor and granting plaintiff every favorable inference, the complaint sufficiently pleads plaintiff's standing for purposes of Article III.

### III.    Claims Under Consumer Laws of States Other Than New York

Defendant contends that even if plaintiff's complaint is sufficient to assert his own standing, he lacks standing to represent putative class action plaintiffs from states other than New York, where plaintiff resides.

The Court disagrees. The Second Circuit has explicitly held in such circumstances that "as long as the named plaintiffs have standing to sue the named defendants, any concern about whether it is proper for a class to include out-of-state, non-party class members with claims subject to different state laws is a question of predominance under Rule 23(b)(3), not a question of 'adjudicatory competence' under Article III." *Langan v. Johnson & Johnson Consumer Cos.*, 897 F.3d 88, 93-96 (2d Cir. 2018) (plaintiff has constitutional standing to pursue deceptive labeling claims against manufacturer on behalf of purchasers in other states, despite variations in applicable state laws). *See Holve v. McCormick & Co.*, 334 F. Supp. 3d 535, 552 (W.D.N.Y.2018) (same). *See also In re Grand Theft Auto Video Game Consumer Litig.*, 2006 U.S. Dist. LEXIS 78064 at *10 (S.D.N.Y. 2006) (plaintiffs alleging violation of consumer protection laws of all 50 states and the District of Columbia have standing to proceed despite the fact that the named plaintiffs do not

have individual standing to pursue claims in every state: the "relevant question" is one of predominance, "appropriately answered through the class certification process").

Defendant's motion to dismiss plaintiff's claims arising under the law of other states on the basis of lack of standing is accordingly denied.

Defendants alternatively argue that the claims of violation of consumer products laws outside of New York (California, Florida, Illinois, Massachusetts, Michigan, New Jersey, North Carolina, Ohio and Washington) should be dismissed for failure to comply with the pleading requirements of Fed. R. Civ. Proc. 8, because plaintiff has not set forth the content of those laws, or described the ways in which they were violated, with sufficient specificity.

The Court disagrees. Plaintiff's claims concerning the defendant's alleged misrepresentation of the capacity of its power bank are sufficiently specific to place defendant on notice of the precise nature of his claims, and courts in the Second Circuit have routinely permitted multi-state consumer protection claims alleging deceptive practices and/or labeling to go forward. *See e.g.*, *Donnenfeld v. Petro, Inc.*, 333 F. Supp. 3d 208, 225 (E.D.N.Y. 2018) (allowing claim of overpayment for home heating oil based on alleged deceptive practices brought under the laws of New York and other states); *Dayan v. Swiss-American Prods.*, 2017 U.S. Dist. LEXIS 50773 (E.D.N.Y. 2017) (allowing claim of breach of express warranty concerning sunscreen labeling brought under the laws of 42 states and the District of Columbia). Accordingly, the Court finds that plaintiff's multi-state consumer protection claims are not subject to dismissal for vagueness, and may proceed.

**IV.     Consumer Protection Claims Under New York GBL §349 and §350**.

In order to state a claim under either New York GBL §349 (which prohibits deceptive business practices) or §350 (which prohibits false advertising), plaintiff must allege that the defendant engaged in: (1) consumer-oriented conduct; (2) that was materially misleading; and that (3) plaintiff suffered actual injury as a result of the allegedly deceptive conduct.   *See Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 490 (2d Cir. 2014).

As with its arguments concerning standing, defendant argues that plaintiff's allegations of injury are insufficient, in that plaintiff fails to allege that the precise power bank he purchased was found, by use or by testing, to fall below the mAh capacity represented on the label.   Rather, his allegations are premised upon the testing of another power bank manufactured by defendant.

The fact that plaintiff's allegations concerning the actual capacity of his power bank rest upon the testing of a different power bank of the same make and model is not, by itself, fatal to his claim.   Testing of exemplars or samples of a product has long been utilized as proof in cases of this nature.   *See e.g.*, *Dayan*, 2017 U.S. Dist. LEXIS 50773.

Furthermore, "[a]n actual injury claim under [s]ection 349 typically requires a plaintiff to 'allege that, on account of a materially misleading practice, []he purchased a product and did not receive the full value of h[is] purchase.'"   *Izquierdo v. Mondelez Int'l, Inc.*, 2016 U.S. Dist. LEXIS 149795 at *18 (S.D.N.Y. 2016) (quoting *Orlander v. Staples, Inc.*., 802 F.3d 289, 302 (2d Cir. 2015)).   This element may be satisfied through an allegation that a plaintiff paid a "premium" price based on a defendant's misrepresentations.   *See Greene v. Gerber Prods. Co.*, 262 F. Supp. 3d 38, 68-69 (E.D.N.Y. 2017).   *See also Orlander*, 802 F.3d 289 at 302.   *See generally Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 8 F. Supp. 3d 467, 481-82 (S.D.N.Y. 2014) (courts "have found valid [section] 349 claims despite plaintiffs not identifying competitors

or prices" . . . "while identifying the prices of competing products in the [c]omplaint would strengthen [the p]laintiff's allegation of injury," such allegations are not necessary to state a claim).

As set forth above, plaintiff claims that he purchased a power bank manufactured by defendant that was falsely represented to have a higher capacity than it actually had, based on subsequent testing of a power bank of the same model that showed its capacity was roughly 2/3 of the advertised amount. Plaintiff claims that he made his power bank purchase based on the represented capacity printed on the packaging, for a price that he would have been unwilling to pay had he known that the actual capacity was significantly lower. These allegations are sufficient to state a claim that defendant engaged in consumer-oriented conduct (marketing power banks with a certain capacity advertised on the packaging), which was materially misleading (in that the advertised capacity was appreciably greater than the actual capacity), and which caused plaintiff injury (because he paid more than he otherwise would have and/or purchased a product he otherwise would not have, based on its represented capacity). Plaintiff has therefore stated consumer protection claims under New York GBL §349 and §350.

## V. Injunctive Relief Claim Under New York GBL §349 and §350

Plaintiff seeks injunctive relief under New York GBL §349 and §350, in the form of an order prohibiting defendant from "falsely and misleadingly advertis[ing] the capacity" of the power bank at issue. (Complaint, Dkt. #1 at ¶38). Defendant moves to dismiss plaintiff's claims seeking injunctive relief for lack of standing.

In general, a plaintiff lacks standing to seek injunctive relief where he is "unable to establish a real or immediate threat of injury." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) (citations and internal quotation marks omitted). "Although past injuries may provide a basis for standing to seek money damages, they do not confer standing to seek injunctive

relief unless the plaintiff can demonstrate that she is likely to be harmed again in the future in a similar way." *Id.* (citation omitted). It is well-settled that injunctive relief is appropriate only where a plaintiff "can show an irreparable injury – i.e., a real or immediate threat that the plaintiff will be wronged again." *Gonzalez v. Costco Wholesale Corp.*, 2018 U.S. Dist. LEXIS 171000 at *14 (E.D.N.Y. 2018).

Concededly, "the question of whether a [p]laintiff seeking injunctive relief for consumer deception 'will be able to demonstrate standing where, as here, they allege they would buy the products in the future if not mislabeled,' is . . . unsettled in this Circuit," and district courts examining the issue have reached divergent conclusions. *Petrosino v. Stearn's Prods.*, 2018 U.S. Dist. LEXIS 55818 at *8-*11 (S.D.N.Y. 2018) ") (quoting *Podpeskar v. Dannon Co., Inc.*, 2017 U.S. Dist. LEXIS 198948 at *9 n.2 (S.D.N.Y. 2017)). However, "a . . . thorough survey of authority in the Second Circuit suggests that" a plaintiff who alleges an intent to make future purchases of a product only if its advertising or labeling is changed has failed to sufficiently allege future injury for purposes of establishing standing to seek injunctive relief: any case holding otherwise "is an outlier in the Circuit's jurisprudence." *Lugones v. Pete & Gerry's Organic, LLC*, 2020 U.S. Dist. LEXIS 30012 at *17 (S.D.N.Y. 2020) (dismissing claim for injunctive relief where plaintiffs have "failed to allege any intent to purchase" the offending product again unless it changes its practices to match its advertising).

In light of the unsettled nature of the question, this Court defers to the relevant precedent in this district and the weight of authority from other district courts in this Circuit. The Court concludes that plaintiff's non-committal allegations that he might "consider" purchasing defendant's power bank in the future "if" the labeling was changed are insufficient to allege a real or immediate threat of future harm for purposes of standing to seek injunctive relief under New

York's consumer protection statutes. *See e.g., Holve*, 334 F. Supp. 3d 535 at 552-53 (dismissing claim for injunctive relief where plaintiff alleges only that she would repurchase the allegedly deceptively-labeled product again "if it was not misbranded"); *Gonzalez*, 2018 U.S. Dist. LEXIS 171000 at *16-*17 (dismissing claim for injunctive relief where plaintiff alleged she would resume purchasing defendant's products only if its misleading conduct were remedied); *Bernadino v. Barnes & Noble Booksellers*, 2017 U.S. Dist. LEXIS 129037 at *16 (S.D.N.Y. 2017) (plaintiff's allegation that she won't make further purchases from defendant until it changes its representations about its products deprives plaintiff of standing to seek injunctive relief, since she "concedes that her own conduct can prevent future harm"); *Atik v. Welch Foods, Inc*, 2016 U.S. Dist. LEXIS 136056 at *19-*20 (E.D.N.Y. 2016) (same).

Plaintiff's claim of standing to seek injunctive relief relies solely on past harm, combined with speculative allegations – not of future harm, but of plaintiff's intent to *avoid* future harm by refusing to consider repurchasing defendant's product unless or until the product and packaging are changed. Accordingly, plaintiff has failed to plausibly allege irreparable injury, and his request for injunctive relief on behalf of himself and others is dismissed for lack of standing.

## VI.    Breach of Express Warranty Claim

To state a claim of breach of express warranty in New York, "a plaintiff must [allege] an affirmation of fact or promise by the seller, the natural tendency of which was to induce the buyer to purchase and that the warranty was relied upon.'" *Factory Assocs. & Exporters, Inc. v. Lehigh Safety Shoes Co. LLC*, 382 Fed. Appx. 110, 111-12 (2d Cir. 2010) (internal quotation marks and citation omitted) (unpublished opinion). Similarly, to state a claim for common law breach of warranty, a plaintiff must show that: (1) plaintiff and defendant entered into a contract; (2) containing an express warranty by the defendant with respect to a material fact; (3) which

warranty was part of the basis of the bargain; and (4) the express warranty was breached by defendant. *See Price v. L'Oreal USA, Inc.*, 2018 U.S. Dist. LEXIS 138473 at \*17 (S.D.N.Y. 2018); *Promuto v. Waste Mgmt., Inc.,* 44 F. Supp. 2d 628, 642 (S.D.N.Y. 1999). *See generally Brady v. Anker Innovations Ltd.*, 2020 U.S. Dist. LEXIS 5672 at \*24 (S.D.N.Y. 2020).

Defendant's initial argument – that plaintiff has not plausibly alleged that a breach or injury occurred – fails, for the reasons already discussed above.

Furthermore, it is well settled that an express warranty may "include specific representations made by a manufacturer" to remote purchasers in written materials such as brochures, advertisements and product labeling, where those representations are made to induce reliance by purchasers. *Arthur Glick Leasing, Inc.v . William J. Petzold, Inc.*, 51 A.D.3d 1114, 1116 (3d Dep't 2008). *See also In re Frito-Lay N. Am., Inc.*, 2013 U.S. Dist. LEXIS 123824 at \*84-\*85 (E.D.N.Y. 2013) (product labeling which represents that a product is "all natural" is sufficient to give rise to an express warranty under New York law, where the advertised qualities formed the basis of the bargain, i.e., were relied-upon by consumers in making a purchase).

Here, plaintiff alleges that the power bank packaging used by defendant expressly misrepresented the power bank's capacity to remote purchasers such as plaintiff, and that plaintiff specifically relied-upon the represented capacity in making his purchase. Such allegations are therefore sufficient to state a claim for breach of express warranty.

Finally, defendant urges the Court to dismiss plaintiff's breach of express warranty claim on the grounds that plaintiff has failed to sufficiently allege privity with defendant. Defendant relies upon *Koenig v. Boulder Brands, Inc*., 995 F. Supp. 2d 274, 290 (S.D.N.Y. 2014), wherein a district court dismissed a breach of express warranty claim for failure to sufficiently allege privity,

because plaintiffs alleged only that they purchased the defendant's products in New York State, but did not specify where, or from whom.

Initially, where, as here, the alleged express warranty is based on product advertising or labeling, the representations made by the manufacturer are sufficient to form "[a]n express warranty . . . and privity is not required to sustain a cause of action." *Perez v. B. Braun Medical, Inc.*, 2018 U.S. Dist. LEXIS 79395 at *13-*14 (S.D.N.Y. 2018). *See also Suarez v. California Natural Living, Inc.*, 2019 U.S. Dist. LEXIS 34634 at *19-*20 (S.D.N.Y. 2019).

Indeed, the Court is not convinced that privity is a required element for a breach of express warranty claim even where the alleged warranty does not arise from advertising or labeling, and observes that *Koenig* and its few sister cases are outliers, the holdings of which have been disapproved by subsequent case law. New York dispensed with the privity requirement for express warranty claims seeking economic damages in *Randy Knitwear, Inc. v. Am. Cyanamid Co.*, 11 N.Y.2d 5, 16 (1962). The weight of authority, post-*Randy Knitwear*, accordingly holds that privity is "not require[d] . . . between a consumer and a manufacturer where the plaintiff alleges breach of an express warranty and seeks only economic damages," and finds that "*Koenig* . . . among other decisions . . . are not sufficiently persuasive to overcome the New York Court of Appeals' ruling in *Randy Knitwear* and the commentary [to the New York Uniform Commercial Code] explaining that *Randy Knitwear* remains good law." *Mahoney v. Endo Health Solutions, Inc.*, 2016 U.S. Dist. LEXIS 94732 at *19 (S.D.N.Y. 2016) (denying motion to dismiss express warranty claim in matter alleging deceptive labeling on lack of privity grounds). *See also Brady*, 2020 U.S. Dist. LEXIS 5672 at *24-*25 (acknowledging "a split in this circuit as to whether privity is required under New York law," but finding that "[a]fter a review of the relevant authority, the Court tends to agree that privity is not a requirement").

12

The Court accordingly declines to dismiss plaintiff's express warranty claim.

## VII.    Unjust Enrichment Claim

In order to state a claim for unjust enrichment in New York, plaintiff must plausibly allege that the defendant was: (1) enriched; (2) at the expense of plaintiff; (3) under circumstances wherein equity and good conscience require the defendant to make restitution.  *See Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 586 (2d Cir. 2006).

While an unjust enrichment claim may be premised on deceptive conduct, "unjust enrichment is not a catchall cause of action to be used when others fail [and an] unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim." *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (N.Y. 2012).  *See also Brady*, 2020 U.S. Dist. LEXIS 5672 at *29 (dismissing unjust enrichment claim as duplicative of plaintiff's claims of breach of express warranty and violation of N.Y. GBL §349 and §350, in the specific context of alleged power bank capacity misrepresentation); *Gonzalez*, 2018 U.S. Dist. LEXIS 171000 at *31-*32 (dismissing unjust enrichment claim that is duplicative of plaintiff's breach of warranty claims); *Greene*, 262 F. Supp. 3d 38 at 77 (dismissing unjust enrichment clam that is based on the same allegations as plaintiff's claims for violation of N.Y. GBL §349 and §350, fraudulent concealment, and intentional or negligent misrepresentation); *Goldemberg*, 8 F. Supp. 3d 467 at 484 (dismissing unjust enrichment claim as duplicative of plaintiff's breach of express warranty claims).

Here, plaintiff's unjust enrichment claim relies on the same operative facts as his other claims.  Thus, "to the extent these claims ultimately succeed, the unjust enrichment claim would be duplicative, and to the extent the claims fail, the basis for [plaintiff's] unjust enrichment claim

would necessarily crumble." *Brady*, 2020 U.S. Dist. LEXIS 5672 at *29. Plaintiff's unjust enrichment claim is accordingly dismissed.

## CONCLUSION

Plaintiff's motion seeking the Court's consideration of his proposed sur-reply in opposition to the motion to dismiss (Dkt. #16) is granted, and the Court has considered all submissions by the parties relative to the instant motion to dismiss.

For the foregoing reasons, defendant's motion to dismiss the complaint (Dkt. #9) is granted in part, and denied in part. Plaintiff's request for injunctive relief, and his unjust enrichment claim, are dismissed. Plaintiff's remaining claims, alleging, inter alia, violations of New York General Business Law §349 and §350 and/or breach of express warranty on behalf of himself and a putative class of purchasers from New York and other states, may proceed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       April 13, 2020.